**FILED**

April 20, 2020 1:33 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: JMW   SCANNED BY: TBA|20|20

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Brian Keith Schueb *181 4167

763 Ball Ave NE

Grand Rapids MI 49503

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

**1:20-cv-336**
Paul L. Maloney- U.S. District Judge
Ray Kent - Magistrate Judge

v.

Wyoming Police Dep't, Margarett McKinna, Amy Minton, Melissa Nestle, Augustina Bees, City of Wyoming, Gabriel Ceadlo, Kent county Parole office, Dave Haskett, Derrick Bradford, Jenelle Freeman, Mitchell Arrends, Todd Bailey, Travis Rosema

(Enter above the full name of the defendant or defendants in this action.)

**COMPLAINT**

The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

I.    **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.**

A.    Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☒ No ☐

B.    If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.    Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

U.S District court western District of michigan southern Division

2.    Is the action still pending?    Yes ☒ No ☐

a.    If your answer was no, state precisely how the action was resolved: _____

_____

3.    Did you appeal the decision?    Yes ☐    No ☐

4 .   Is the appeal still pending?    Yes ☐    No ☐

a.    If not pending, what was the decision on appeal? _____

_____

5.    Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?    Yes ☐    No ☐

If so, explain: _____

_____

II.   **Place of Present Confinement** Kent county corr. fac. 703 Ball ave NE Grand Rapids MI 49503

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

_____

III. **Parties**

A. Plaintiff(s)

Place your name in the first blank and your present address in th e second blank. Provide the sam e information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff    Brian Keith Schreb

Address    703 Ball Ave NE Grand Rapids michigan 49503

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in a n official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1    Wyoming Police Dep't chief of police

Position or Title    Chief of police

Place of Employment    Wyoming police Dep't

Address    2300 Dehoop Ave sw, wyoming mi 49509

Official and/or personal capacity?    Both

Name of Defendant #2    Margarett McKinnen

Position or Title    Detective

Place of Employment    wyoming police Dep't

Address    2300 Dehoop Ave sw wyoming mi 49509

Official and/or personal capacity?    Both

Name of Defendant #3    Amy Manten

Position or Title    Forensic interviewer

Place of Employment    Child Assessment Center

Address    2855 Michigan St NE Grand Rapids mi 49506

Official and/or personal capacity?    Both

Name of Defendant #4    Melissa Nestle

Position or Title    Medical exam Nurse

Place of Employment    YWCA / Child Assessment center

Address    2855 Michigan st NE Grand Rapids mi 49506

Official and/or personal capacity?    Both

Name of Defendant #5    Augustine Baar

Position or Title    Worker

Place of Employment    Child protective Services

Address    121 Franklin St. SE Grand Rapids mi 49507

Official and/or personal capacity?    Both

V.  **Relief**

State briefly and precisely what you want the court to do for you.

*See Attached*

_____
Date    C4, 14, 5020

_____
Signature of Plaintiff

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

-4-

(Last Revised: June 2013)

## IV. Statement of Claim

State here the **facts** of your case.  Describe how each defendant is personally  involved.  Include als o the names of other persons involved, dates and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a num ber of related claims, number and set forth each claim  in a separate para graph.  Use as m uch space as you need.  Atta ch extra sheets if necessary.

See A       hnd

    (Last Revised: June 2013)

# PARTIES CONTINUED

* Name of Defendant #6        City of Wyoming

     Position or Title        N/A

     Place of employment        N/A

     Address        Unknown

     Capacity        Both

* Name of defendant #7        Gabriel Cedillo

     Position or title        Agent # 1058

     Place of employment        M.S.P. Computer crimes unit

     Address        1420 Front Ave Grand Rapids, Mi 49504.

     Capacity        Personal

* Name of Defendant #8        Kent County parole office

     Position or title        N/A

     Place of employment        N/A

     Address        1 Division Ave NW, Grand Rapids, Mi 49503

     Capacity        Both

* Name of Defendant #9        Dave Hosfelt

     Position or title        Agent

     Place of employment        Kent County Parole

     Address        1 Division Ave NW, Grand Rapids Mi. 49503

     Capacity        Personal

* Name of Defendant #10        Derick Bradford

     Position or title        Agent

     Place of employment        Kent County Parole

     Address        1 Division Ave. NW, Grand Rapids, Mi 49503

     Capacity        Personal

\* Name of Defendant #11                    Jenelle Freeman
  Position or title                         Agent Supervisor
  Place of employment                       Kent County Parole
  Address                                   1 Division Ave NW Grand
                                            Rapids MI 49503
  Capacity                                  Personal


\* Name of defendant #12                     Mitchell Arrends
  Position or title                         Agent
  Place of employment                       Kent County Parole
  Address                                   1 Division Ave NW Grand
                                            Rapids MI 49503
  Capacity                                  Personal


\* Name of defendant #13                     Todd Bailey
  Position or title                         Agent Supervisor
  Place of employment                       Kent County Parole
  Address                                   1 Division Ave NW Grand
                                            Rapids MI 49503
  Capacity                                  Personal


\* Name of defendant #14                     Travis Rosema
  Position or title                         Agent
  Place of employment                       Muskegon County Parole
  Address                                   925 E. Barney, Muskegon MI
  Capacity                                  Personal

## A. INTRODUCTION

1. Comes now Brian Keith Schwab, Plaintiff pro se who presents the following Civil Rights Complaint and Claim for compensatory relief as follows.

2. Trial by Jury demanded

3. This action places before the court a law suit involving the Wyoming police Dep't, Det. Margarett McKinnon, Amy Minton forensic interviewer, Melissa Nestle Nurse medical examiner, Augustina Baar child protective services, The City of Wyoming, Gabriel Cedillo computer crimes unit, The Kent County Parole office, and certain Parole agents employed by Kent County Parole.

4. This complaint alleges multiple Constitutional violations such as cruel and unusual Punishment, denial of due process, denial of adequate medical referals, loss/damage to property, denial of equal protection of the law etc. as well as state law tort offences.

## B. JURISDICTION & VENUE

1. This is a civil action authorized by Title 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under Title 28 U.S.C. section 1331 and 1345(3)(3)

2. The Court has supplemental Jurisdiction over the Plaintiffs state law tort Claims under title 28 U.S.C. section 1367

3. The western district of Michigan is an appropriate venue under Title 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this Claim occured.

# C. NOTES TO FACTS

1. Defendant #1   Facts - 1-35
2. Defendant #2   Facts - 36-171, 250-253
3. Defendant #3   Facts - 122-178
4. Defendant #4   Facts - 179-227
5. Defendant #5   Facts - 236-247
6. Defendant #6   Facts - 228-235
7. Defendant #7   Facts - 248-253
8. Defendant #8   Facts - 254-305
9. Defendant #9   Facts - 254-305
10. Defendant #10  Facts - 254-305
11. Defendant #11  Facts - 254-305
12. Defendant #12  Facts - 254-305
13. Defendant #13  Facts - 254-305
14. Defendant #14  Facts - 254-305

# FACTS

1. The Wyoming Police Dep't allowed Det. Mckinnon employed by them to use Abusive tactics, immoral questioning methods, Police Brutality, torture etc. Causing injury and did nothing about it violating plaintiffs Eighth Amendment and Fourteenth Amendment of the united states Constitution, as well as the Michigan Constitution etc.

2. The Wyoming Police Dep't has caused injury to plaintiff Causing distress emotionally by allowing their Detective (Mckinnon) to Cause plaintiff to have highly unpleasant mental reactions such as grief, fright, humiliation and fury with Det. Fabrication of evidence, false statements and misconduct violating plaintiffs eighth Amendment to the u.s. Constitution and others.

3. The Wyoming Police Dep't allowed Det. Mckinnon to Cause punishment to be inflicted on plaintiff such as;

   "Corporal punishment" For the physical punishment on the body for wrongly locking plaintiff up when they have no Complaining victim and no one saying I did any thing and no Cause. Violating plaintiffs right to be free from Arbitrary and undue police interference, and his Constitutional rights.

   "Cruel and unusual punishment" by tortureing plaintiff by destroying his reputation in society, trying to find any he she can to fabricate evidence when primary evidence doesn't prove anything and alleged victim said I did nothing wrong to her ever.

   "Deterrent punishment" They are harassing plaintiff with no evidence he did something to make an example of plaintiff.

   "Preventive punishment" by allowing Det. Mckinnon to Cause punishment immorally trying to disable plaintiff from his Constitutional right of life and liberty

   "Retributive punishment" by allowing Det. Mckinnon to Cause punishment intended to satisfy the Communities retaliatory sense of indignation that is provoked by injustice even though I didn't do anything and alleged victim says nothing happened

4.    The Wyoming Police Dep't is allowing Det. Mckinnon to cause pain and suffering by keeping matters going knowing the alleged victim says plaintiff did nothing to her and for allowing Det. Mckinnon to abuse her authority by badgering plaintiff and alleged victim and making false statements about having evidence that shows something it really doesn't show trying to get people to alter their beliefs and findings on the case because evidence legally can't be shown.

5.    The Wyoming Police Dep't is allowing Det. Mckinnon to use personal motives, biased feelings, and prejudice to dictate their investigation and testimonies.

6.    The Wyoming Police Dep't is allowing Det. Mckinnon to say theres evidence proving plaintiff committed the crime when Det. Mckinnon knows plaintiff did nothing wrong. Det. Mckinnon making false claims of evidence because she knows she wont be forced to show it to the jury or the public so her fabrications are safe.

7.    The Wyoming Police Dep't allows Det. Mckinnon who is in authority to commit diriliction of duty by using unlawful, dishonest, and improper behavior to turn a case in her favor

8.    The Wyoming Police Dep't allows Det. Mckinnon to use police brutality and torture against suspects (plaintiff) involved in their investigations such as violating plaintiffs Miranda and constitutional rights and using intimidation and force to compell false statements.

9.    The Wyoming Police Dep't allows Det. Mckinnon to improperly use their power and trust in a way that deprives the other person (plaintiff) of free will and substitutes another objective resulting in the person (plaintiff) making a choice or act that would not have otherwise been performed or made.

## FACTS

10 | The Wyoming Police Dep't allows officers/Detectives (Mckinnon) to commit wrong against suspects (Plaintiff) such as:

"Civil wrong" for breaching their duty and allowing them to make their own rules and regulations even though they violate the united states constitution and laws.

"Continueing wrong" for continueing a false claim that has plaintiff imprisoned when alleged victim said nothing happened and theres no proof it did happen.

"legal wrong" for violating the law by keeping plaintiff in Jail on false charges committing not only kidnapping but false imprisonment.

"Moral wrong" for keeping plaintiff in Jail committing a wrong that is contrary to the rule of natural Justice because natural Justice would say if alleged victim says nothing happened then im innocent

"Positive wrong" by willfully fabricating evidence.

11. | The Wyoming Police Dep't allows their Det. (Mckinnon) to use Corrupt Conduct, and unprofessional conduct such as useing behavior that is immoral, unethical and dishonorable such as telling a alleged victim they are a liar when they say nothing happened and trying to compell alleged victim to agree to Detectives beliefs and statements fabricating a crime. Causing injury to plaintiff as well as the alleged victim.

12 | The Wyoming Police Dep't is guilty of Connivance for willingly ignoring their Det's (Mckinnon) wrong doing and not giving any type sanction but a pat on the back.

13 | The Wyoming Police Dep't by not stopping Det's (Mckinnon) behavior and illegal choices they are in agreement so the Wyoming Police Dep't is guilty of Conspiracy Causing plaintiff injury in such forms as "Chain Conspiracy", "Civil Conspiracy" etc by committing an unlawful act coupled with the intent to achieve their

agreements objective which is to continue to bring and claim false evidence to illegally hold Plaintiff within the system hoping real evidence will come about eventually.

14. The wyoming police Dep't allowed Det. Mckinnon and themselves to violate Plaintiffs civil liberty, causing injury as well as Plaintiffs personal liberty by violating Plaintiffs freedom to be free from undue restraint and to do as plaintiff pleases as long as its legal And not causing injury to another.

15 The wyoming police Dep't allowed Det. mckinnon to recklessly disregard the law and Plaintiffs legal rights which is malice and being guilty of the deliberate intent to commit injury on plaintiff

16 The wyoming police Dep't allows their Det's (mckinnon) to willfully and intelligently violate Plaintiffs rights such as;

"Absolute Right" by violating plaintiffs rights, the same rights that belong to all human beings such as the right of personal liberty and due process.

"Enumerated Right" by violating plaintiffs rights thats been embodied in writing such as statutes, case law, and the constitution

"Exclusive Right" a right vested in plaintiff to do something or be protected from something

"Incorporated Right" Plaintiffs right as well as others said to be stated to be part of a text of a legal document such as the U.S. Constitution.

"legal Right" Plaintiffs rights thats been created and/or recognized by law

"Natural Right" plaintiff's right that is conceived as part of natural law

"Nonderogable Right" Plaintiffs right to legal rights that must be fully Honored

"Primary Right" plaintiffs right prescribed by substantive law

"Private Right" Plaintiffs personal rights as opposed to the publics rights

"Procedural Right" Plaintiffs rights that derive from a legal procedure

"Substantive Right" Plaintiffs right that should be protected and enforced by law.

FACTS

"Right to Privacy" Plaintiffs rights under the 4th Amendment.

17   The Wyoming Police Dep't allows their Det's. (McKinnon) to use discriminatory harassment towards suspects (plaintiff) in their investigations causing injury such as when they discriminated against plaintiff because of his prior record and status as a parolee denying Plaintiff equal protection of the law.

18   The Wyoming Police Dep't allowed Det. McKinnon to violate and abuse the freedoms, immunities, and benefits of plaintiffs human rights that according to modern values all humans should be able to claim as a matter of right in the society in which they live.

19   The Wyoming Police Dep't allowed Det. McKinnon to cause plaintiff injury in such ways as "bodily injury", "civil injury", "continuing injury", "direct injury", "injury to plaintiffs reputation", "irreparable injury", "legal injury", "malicious injury", "pecuniary injury", "personal injury", "serious bodily injury", etc.

20   The Wyoming Police Dep't allowed Det. McKinnon to cause plaintiff to suffer libel damage and injury in the following forms and doing nothing about it.
"Criminal libel" by intentionally using libel to expose plaintiff to hatred
"libel per se" which is libel actionable in itself requiring no proof
"libel proof" to plaintiffs reputation so badly damaged as to be impervious to further harm from false statements.

21. The Wyoming police Dep't allowed Det. Mckinnon to act recklessly and with disregard causing Plaintiff injury such as the Det. acting in such a manner that the Det. knew that there was a substantial and unjustifiable risk that social harm the law was designed to prevent would occur and ignored the risk when engaging in the prohibited conduct.

22. The Wyoming police Dep't allowing themselves and Det. Mckinnon to be in direct violation of duty in such ways as; "duty of care and skill" "duty to Act" "duty to obey the law", "duty to speak", "legal duty", "moral duty", etc causing plaintiff injury

23. The Wyoming police Dep't allowing Det. Mckinnon to use fabricated evidence and illegally obtained evidence to build a false case from Det. personal motives, causing plaintiff injury

24. The Wyoming police Dep't caused injury to plaintiffs legal rights by denying his request dated october 11th 2018 for any and all documents, coppies of evidence, etc in said case claiming freedom of information request which Plaintiff wasn't entitled to while incarcerated when its only A FOIA request when plaintiff ask for records not pertaining to himself. which plaintiff is entitled to his records no matter where he's at especially in a criminal prosecution.

25 The Wyoming police Dep't filed false charges on plaintiff for failure to register causing legal, emotional, mental, physical and financial injury especially when plaintiff followed the requirements listed on his duty as a registered offender paperwork that defendant gave to plaintiff.

26 The Wyoming police Dep't caused injury to plaintiffs inalienable rights that cant be transferred or surrendered

## FACTS

27   The Wyoming Police Dep't and its employees violated plaintiffs autonomy privacy by denying him the right to control his personal activities and intimate decisions without outside interference, obstruction, or intrusion causing severe injury

28   The Wyoming Police Dep't and its employees (McKinnon) violated plaintiffs informational privacy by denying him his right to choose to determine whether how, and to what extent information about plaintiff is communicated to others especially sensitive and confidential information causing injury.

29   The Wyoming Police Dep't and its employees (McKinnon) violated plaintiffs personal privacy by the disclosure of confidential and private information on matters relating to plaintiffs person, causing injury.

30   The Wyoming Police Dep't allowing Det. McKinnon to slander plaintiff and his name inflicting injury causing special damages to plaintiffs reputation.

31   The Wyoming Police Dep't allowing Det. McKinnon to cause plaintiff injury by libel for their defamatory statements and writings about plaintiff designed to expose plaintiff to hatred and ridicule by the public.

32   The Wyoming Police Dep't allows Det. McKinnon to use libel per se causing injury with the libel that is defamatory on its face such as the statement to anyone and everyone "plaintiff is a dangerous sex offender."

33   The Wyoming Police Dep't is guilty of all injuries by themselves and/or anybody representing them, working for them, and therefore they are personally liable for plaintiffs injuries.

34. The wyoming police Dep't actions described herein have caused violations to plaintiffs Constitutional rights such as the eighth Amendment, Creating and inflicting multiple variations of injuries physically, mentally, emotionally, legally, and other ways such as the severe injury to plaintiffs reputation and well being.

35 Plaintiff has suffered the loss of family relationships, friendships, and professional relationships because of the defendents actions and allowing Det. Mckinnon to go unpunished for her wrongs.

36 Det. Mckinnon used Abusive tactics, immoral questioning methods, police Brutality, torture, etc causing plaintiff injury.

37. Det. Mckinnon Caused plaintiff emotional distress Causing injury by causing plaintiff to undergo highly unpleasant mental reactions such as anguish, grief, fright, humiliation, and fury with her fabrication of evidence, false statements, and her illegal misconduct.

38 Det. Mckinnon has caused punishment on plaintiff that is immoral and unjustified such as;

"Corporal punishment" for the physical and mental punishment on the body for locking plaintiff up when Det. has no complaining victim and noone saying I Committed a crime against them.

"Cruel and unusual punishment" by torturing Plaintiff by trying to find any lie she can to fabricate evidence when primary evidence she has proves nothing.

"Deterrent punishment" for harassing Plaintiff with no solid evidence he did something Just to make an example of plaintiff

"Preventive punishment" by Causing punishment immorally, trying to disable Plaintiff from his Constitutional rights to life and liberty.

FACTS

"Retributive punishment" for causing punishment intended to satisfy the communities retalatory sense of indignation that is provoked by injustice even though plaintiff didnt do anything and the person Det. says is a victim says plaintiff didnt do anything.

39. Det. Mckinnen has caused plaintiff pain and suffering physically, emotionally and mentally by keeping the case going knowing the alleged victim says plaintiff did nothing to her, and for detective abusing her authority by badgering plaintiff and making false statements about having evidence she really dont have trying to pesuade people to alter their beliefs and findings in the case.

40. Detective Mckinnen is causing plaintiff injury by her violating the ethical standards of her profession by using personal motives, biased feelings, and prejudice to dictate her investigation and testimony which is unprofessional and a violation to plaintiffs rights.

41. Det. Mckinnen has caused plaintiff injury legally, mentally, emotionally and physically by her false statements and accusations to the Kent County prosecutors office saying theres evidence proving plaintiff did a crime when she knew plaintiff did nothing but she makes claims of false and unreliable evidence.

42. Det. Mckinnen has caused injury by her dereliction of duty by using unlawful, dishonest, and improper behavior and protocol to turn the case in her favor.

43. Det. Mckinnen violated plaintiffs rights by violating his 5th and 14th Amendment rights (Miranda) and useing intimidation and torture to do so, and compell and coerce false statements from plaintiff.

44. Plaintiff on august 9th 2018 during interrogation invoked his right to the 5th and 14th Amendment rights of the united states constitution. by speaking directly and clearly indicating interview was over and plaintiff nolonger wished to talk.

45. Det. Mckinnen continued to badger plaintiff further violating his rights by continueing to question plaintiff with her abusive tachtics such as hovering over plaintiff and stepping in front of the exit when plaintiff went to leave when he was not under arrest and should of been able to exit.

46. By law Det. Mckinnen was supposed to end interrogation once plaintiff invoked his rights to have counsel and by failing to do so caused injury to plaintiffs rights and herself broke the law.

47. That Det. Mckinnen during the investigation clearly used not only verbal Abuse but abusive tachtics, coercion, criminal coercion, and used her behaviour and badge to violate plaintiffs rights by putting him under emotional distress, discrimination, punishment and oppression.

48. Plaintiff or anyone else may waive Miranda rights knowingly, willingly, and intelligently only. However if he indicates in any manner and at any stage of the process that he wishes to consult an attorney before speaking there can be no questioning. That if the individual is alone and indicates in any manner that he does not wish to be interrogated the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he meets with

*FACTS*

Counsel and Consents to questioning. That if at any time Prior or during questioning an individual indicates in any manner his right to remain silent, the interrogation Must cease. At this point he has shown that he intends to exercise his 5th Amendment privilege; any statement taken after he invokes his privilege Cannot be other than the product of Compulsion.'

49   Any waiver express or implied, may be Contradicted by an invocation at any time. If the right to Counsel or the right to remain silent is invoked at any time during questioning, further interrogation must cease. Also suspects do not need to use a precise set of words to indicate they are invoking their rights. In general if Continued to be questioned they have violated miranda as a result nothing said afterwards is admissable as evidence.²

50   Det. Mckinnon made Comments to plaintiff to mislead him to believe he would recieve leniency for giving Cooperation or what would be a false Confession. The Courts Considered this to be improper police misconduct and it has Caused plaintiff injury.³

51   Det. Mckinnon Caused plaintiff injury by wrongfully useing her power and trust in a way that deprived him of his free will and substituted another objective resulting in plaintiff making a choice or act that would not have otherwise been Performed or made.

52   Det. Mckinnon Caused injury by Committing wrong in the following ways; "Civil wrong" for breaching her duty and making her own rules and regulations. "Continueing wrong" for continueing the false claim that has plaintiff locked up when alleged victim said nothing happened and theres no proof it did happen.

"Legal wrong" for violating the law by keeping plaintiff in jail on false charges committing not only kidnapping but wrongful imprisonment.

"Moral wrong" for keeping plaintiff locked up committing a wrong that is contrary to the rule of natural justice because natural justice would say if alleged victim says nothing happened then plaintiff is innocent.

"Positive wrong" by willingly fabricating evidence and false statements.

53.    Det. McKinnon has caused injury to plaintiff by using corrupt conduct and unprofessional conduct such as using behavior that is immoral, unethical, and dishonorable such as telling an alleged victim they are a liar when they say plaintiff didn't do anything wrong to them and trying to coerce alleged victim to agree with dets beliefs to fabricate a crime causing injury to plaintiff as well as the alleged victim.

54    Det. McKinnon is in conspiracy with the Wyoming police dept and others causing plaintiff injury in such forms as: "chain conspiracy", "civil conspiracy", etc by committing an unlawful act coupled with the intent to achieve the agreements objective which is to bring and claim illegally seized false evidence to illegally hold plaintiff within the system hoping real evidence will come about.

55    Det. McKinnon violated plaintiff's civil liberty causing injury as well as his personal liberty by violating his freedom to be free from undue restraint and to do as he wishes.

56.    Det. McKinnon recklessly disregarded the law and plaintiffs legal rights which is malice as well as her deliberate attempt to commit plaintiff injury

*FACTS*

57    Det. Mckinnen willfully violated plaintiffs rights in such ways as;

"Absolute right" by violating plaintiffs rights, the same rights that belong to all human beings such as the right of personal liberty.

"Enumerated right" by violating plaintiffs rights that have been embodied in writing such as the Constitution, statutes, and case law.

"Exclusive Right" A right vested in plaintiff to do something or be protected from something.

"Incorporated Right" Plaintiffs right as well as others said to be stated to be part of a text of a legal document.

"legal right" A right of plaintiff's that has been created and/or recognized by law

"Natural Right" Plaintiffs right that is conceived as part of natural law.

"Nonderogable Right" Plaintiffs right to legal rights that must be fully honored.

"Primary Right" Plaintiffs right prescribed by substantive law

"Private Right" Plaintiffs personal rights as opposed to public rights

"procedural Right" Plaintiffs rights that derive from a legal proceeding.

"substantive right" Plaintiffs rights that should be protected and enforced by law

"Right to privacy" Plaintiffs rights under the Constitutions 4th Amendment.

58    Det. Mckinnen used discriminatory harassment towards plaintiff in her investigation causing injury.

59    Det. Mckinnen violated and abused the freedoms, immunities, and benefits, of Plaintiffs human rights that according to modern values all humans should be able to claim as a matter of right in the society in which they live

60    Det. Mckinnen caused plaintiff injury in multiple forms such as; "Bodily injury," "civil injury", "Continuing injury", "direct injury", "injury to reputation" "irreplaceable injury", "legal injury", "Malicious injury", "Pecuniary injury", "personal injury" "serious bodily injury" etc.

61.    Det. Mckinnon Caused injury by libel damage such as;

"Criminal libel" by intentionally using libel to expose plaintiff to hatred.

"libel per se" which is libel actionable in itself requiring no proof.

"libel proof" to plaintiffs Reputation so badly damaged as to be impervious to further harm from false statements.

62.    Det. Mckinnon Acted recklessly and with disregard Causing plaintiff injury such as her acting in such a manner that she knew that there was a substantial and unjustifiable Risk that social harm the law was designed to prevent would occur and ignored the risk when engaging in the prohibited Conduct.

63    Det. Mckinnon was in violation of her duty in such ways as; "duty of care and skill", "duty to act", "duty to obey the law", "duty to speak", "legal duty", "moral duty", etc. Causing plaintiff injury.

64.    Det. Mckinnon Caused injury to plaintiff illegally by using illegally obtained and fabricated evidence to build a false case on plaintiff out of personal motive.

65    Det. Mckinnon Caused legal injury to plaintiff by denying plaintiffs request dated october 11th 2018 for any and all documents, Coppies of evidence etc in the case Claiming its a freedom of information request which plaintiff was not entitled to while incarcerated when its only FOIA request if plaintiff was requesting a third parties records not his own records which he is entitled to anytime, especially in a criminal case.

66    Det. Mckinnon violated plaintiffs fourth amendment right Causing injury by illegally searching plaintiffs cellular phone and illegally seizing information prior to getting a valid warrent in hopes to fabricate not only evidence but an entire case.

*FACTS*

67    Det. McKinnon violated plaintiffs 4th Amendment right causing injury by illegally searching plaintiffs motel room without a valid warrent or plaintiffs consent and seized property illegally to fabricate a false case and evidence.

68    Det. McKinnon violated plaintiffs right to privacy and his 4th Amendment right committing a federal offense by illegally stealing plaintiffs u.s. postal mail, photo copying it, then resealing it and placing it back in the mail, against plaintiffs permission. She has and is doing this without a warrent and with officers from the Kent County Corr. Fac. and Kent County Prosecuter Bonnie prevette. in hopes to strengthen the false case.

69    Det. McKinnon by her own addmission under oath illegally searched plaintiffs phone and seized 5 photos and some videos she used to interview alleged victim at the Child assessment center prior to getting a valid search warrent for the phone.

70    Det. McKinnon had no probable cause to get a search warrent for plaintiffs phone until she (McKinnon) illegally first searched the phone, seized photographs and videos, then used those photographs in interview of alleged victim, clearly violating plaintiffs 4th and 5th Amendment rights, the 4th being the right to be secure in his person and property from illegal search and seizure, the 5th being cant use personal property against plaintiff first without due compensation and secondly without forcing plaintiff to basically self incriminate himself through the forced production of documents/property.

71    That the security of ones privacy against arbitrary intrusion by the police which is at the core of the fourth Amendment is basic to free society. It is therefore implicit in the "Concept of ordered liberty." 4

72. That to the federal government the Fourth and Fifth Amendment and to the states the freedom from unconscionable invasions of privacy and the freedom from convictions based upon coerced confessions do enjoy an "intimate relation" in their perpetuation of "principles of humanity and civil liberty." [5]

73. There is no war between the Constitution and Common sense. For the state to admit evidence unlawfully seized serves to encourage disobedience to the federal Constitution which its bound to uphold. Our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. If the government (McKinnon) becomes a law Breaker it breeds contempt for law; it invites every man to become a law unto himself; it invites Anarchy. [6]

74 That what a person seeks to preserve as private even in an area accessible by the public may be Constitutionally protected. [7]

75 That search of a house invaded tenants 4th Amendment right even though landlord had authority to enter house for some purposes [8]

76 That implicit Consent to Janitorial personnel to enter Motel room does not amount to Consent to police search of room [9]

77. officers must secure a search warrant before Conducting search on a Cellular phone. [10]

78. Indeed it is settled that a prison inmate "retains those constitutional rights that are not inconsistent with his status as a Prisoner or with the legitimate penological objectives of the Corrections system." [11]

# FACTS

79  A person on the scene who identifies himself, say, as a landlord or hotel manager calls up no customary understanding of authority to admit guest without the consent of the current occupant.[12]

80  Det. mckinnon caused plaintiff legal injury as well as emotional and physical injury by fabricating a story that she has evidence to prove her case when she in fact does not have such evidence but fabricated a story solely because such said fabricated evidence wouldnt be allowed to be shown to the public or in court making people rely on her word to compell evidence statements in her favor by saying she has video footage showing the crime when the said footage shows no definate crime being committed.

81  Det. mckinnon has caused plaintiff and multiple others injury by falsifying an identification by saying person in video footage is who she says it is and is a victim of crime when said person says they are not a victim of said crime. whatsoever and video dont show an identification leaving detective to further fabricate her story and claim.

82  Det. Mckinnen caused Plaintiff injury by violating his constitutional right to be free from government interference by fabricating a false claim against plaintiff because she knows she pursued charges wrongfully, and with personal motive and prejudice.

83  Det. mckinnon caused injury by denying plaintiff his constitutional right to counsel and the right to remain silent as well as violated miranda by denying plaintiff the right to end interrogation until counsel was present after plaintiff invoked his rights, Det. further violated plaintiff by standing in front of the door and refusing to let plaintiff leave while Det kept useing her authority and compullsion along with

torture and police Brutality to compell plaintiff to talk against his will.

84    Det. Mckinnon has caused injury to plaintiff emotionally and mentally with her prejudiced behavior and statements towards plaintiff for being accused of a sex crime.

85    Det. mckinnon used Abuse of discretion Causing plaintiff injury for taking it upon herself to illegally search for evidence and for giving orders only a Judge can give.

86    Det. Mckinnon used discrimination against plaintiff in many forms such as; "invidious discrimination" for discriminating against plaintiff in an offensive and objectionable manner.

87.   Det. Mckinnon caused injury to plaintiff emotionally and to his reputation through libel by seizing a letter and Birthday Card given to a friends daughter saying that they were innapropriate for a child to be getting from a non family member because the child was called sweetie and told she was special and loved, making people think immoral thoughts about the Card and letter when any uncle, father or parent would think nothing of them.

88.   Det. Mckinnon Caused plaintiff injury by using Criminal Coercion as well as normal Coercion by threatening to accuse plaintiff of a crime if he didnt tell her what she wanted to know causing plaintiff mental, emotional, and physical injury.

89    Det. Mckinnon Caused plaintiff injury psychologically by trying to Convince plaintiff he did a crime when he was under the influence and just didnt remember but the alleged victim said plaintiff did nothing wrong. Det. trying to get me to believe plaintiff hurt a friend and force him to give a false confession to a crime that never happened.

## FACTS

90   DET. McKinnon Caused Plaintiff injury legally, mentally, and emotionally by holding him against his will when he was not under arrest and tried to leave, DET. Blocked the only exit till Plaintiff became so Confused and fearful and vulnerable he answered her questions Just so he could leave Also known as Kidnapping.

91   DET. McKinnon Caused injury to Plaintiff by her victimization trying to Convince People a Crime occured between plaintiff and his friends daughter when both of them said no Crime occured because nothing happened Causing Plaintiff and alleged victim to become victims to DET's. Brutality and victimization.

92   DET. McKinnon Caused Plaintiff injury by DET. Violating her ethical duty and Ethical standards Causing injury by her dishonesty, and fabrication of evidence.

93   DET. McKinnon Caused plaintiff injury by violating her professional Conduct towards Plaintiff with DET's dishonesty and Personal motives.

94   DET. McKinnon having Caused plaintiff injury and by her actions she is in violation of her sworn oath to uphold and protect the U.S. Constitution and the Public Causing injury by becoming the victimizer instead of the protector.

95   DET. McKinnon Caused plaintiff injury with her egregious questioning methods Such as torture and Brutality both which can be sued for.

96   DET. McKinnon slandered plaintiff Causing injury with her false and defamatory words that are said in Reference to plaintiff, when she also Claimed he committed a Crime against a Person but that said Person said plaintiff did no such thing.

97. Det. Mckinnon inflicted mental and emotional abuse on plaintiff severe enough to need medication and treatment. Causing plaintiff injury.

98. Det. Mckinnon caused plaintiff injury psychologically and emotionally, putting plaintiff under duress with the threat of legal harm, to compell plaintiff to do something against his free will.

99. Det. Mckinnon caused injury by her misconduct and unlawful and dishonest behavior and investigation methods.

100. Det. Mckinnon caused injury to plaintiffs reputation with her false accusations and fabrications of a case.

101. Det. Mckinnon has caused injury to plaintiff's relationships with friends, family and business associates with her false accusations and unjust methods.

102. Det. Mckinnon is in direct violation of plaintiffs constitutional rights causing injury mentally, legally, emotionally and physically.

103. Det. Mckinnon has caused plaintiff loss of wages by wrongfully and unjustifiably incarcerating him causing financial injury.

104. Det. Mckinnon is causing plaintiff injury by wrongfully imprisoning him when she knows he's innocent and she has the means to release him.

105. Det. Mckinnon has caused defamation of character against plaintiff causing injury by making everyone close to plaintiff believe he committed a crime he didn't do and she knows he didn't do.

## FACTS

106  DET. McKinnen caused plaintiff legal injury by lieing under oath to not only the judge to secure the search warrant after she already secured but lieing to the prosecutor about having a case with evidence when she doesnt.

107  DET. McKinnen caused injury by her breach of duty for violating her legal and moral obligation to act as the law requires her to act by not letting the fact that she has no victim of a crime stand.

108  DET. McKinnen has caused injury to plaintiff and his case through concealment by not revealing that said video she has in evidence in fact shows no face or identification of the second person in the video for the sole intention to mislead people to believe it shows an identification.

109  DET. McKinnen is guilty of conspiracy causing plaintiff injury by trying to cover up the fact that she wrongfully accused plaintiff of a crime by not making it known she has no complaining victim, no victim statement, no identification and no proof a crime was committed.

110  DET. McKinnen caused injury to plaintiff and his private property by telling plaintiffs friend who is the alleged victims mother not to talk to plaintiff or his family not even to allow plaintiffs family to pick up plaintiffs property causing the loss of the following property which DET. has now become liable to compensate plaintiff for.

* various AirBrush Supplies
* 7 S.D. cards
* photo paper - various sizes
* Printa Paper Roughly 1½ cases

* Pots & Pans
* Towels
* Roughly 10 pair earbuds
* 1 pair Bluetooth headphones

* Resume paper Roughly 10 packs
* 2 Author Kits
* 1 Dvd Burner device
* 5-50 count packs Blank dvd's
* 3-50 count packs Blank cd's
* 1 inspirion laptop 24"
* Bedding
* 1 King size Air mattress
* 1 Propane stove
* 3-1 gallon Propane tanks
* 1 Coffee pot
* Dishes
* 1 Kures coffee pot
* 1 24" Flat screen TV
* 1 36" Dell Flatscreen TV/Monitor
* various phone chargers
* 1 wireless charger
* 1 Bose Home theatre system
* Important Documents
* 4-16mB flash Drives
* files
* Clothes
* 4 Pair Jordan shoes
* 1 extendable drawing lamp
* 3 smart phones
* 1 Tablet computer
* 1 wallet
* last pay check Roughly $600 in cash
* 1 fathers day ring.

* 1 pair Bluetooth earbuds
* 5 Bluetooth speakers
* multiple Albums of pictures
* 2 Dvd players
* Roughly 5 full 400 count folder Dvd's
* 2 playstation two systems
* 2 playstation two controllers
* 2 playstation Controller extensions
* 7-8mB memory cards Playstation 2
* 4-1mB memory cards Playstation 2
* 3-16mB memory cards Playstation 2
* 1 cd resurfacer Machine
* Roughly 150 playstation games
* 3-100 count rolls mailing stamps
* Roughly $500 in art stuff
* 1 Digital camera
* various certificates/Diplomas .
* 1 mp3 player
* Grandmas Dishes
* Dads Bible
* my study Bible
* various self help Books
* 2 Roku Devices
* PSP game system with games
* 1 pair Boots
* Multiple Appliance cords
* Roughly $100 in legal documents
* vital records on me and my kids
* 3-25 foot gold plated HDMI cords

FACTS

* 4 other gold rings
* 1-24K gold necklace/bracelet set
* 1 pair eye glasses
* various prepaid cards with available money
* Bridge card
* State I.D.
* Social security card
* 1 watch
* 1 Bluetooth phone head set
* various family packs hygeine
* 2 coats
* 1 radio
* 5-100 count box envelopes
* 1 electric fry pan
* 1 electric griddle
* 2 electric burners
* Iron
* 2 sets clippers
* 4 monthly bus passes @ $40∞ each
* 1 jewlry box of body jewelry

* Dads death records
* ultrasound of dead daughter
* 3 picture cd's
* 12 pic. software programs
* mini dv recorder
* Roughly 300 artificial nail supplies
* 2 plug & plays
* 1 xBox 360 game system
* Roughly 40 xBox games
* 1 photo printer/scanner
* 6-2 packs color printer ink
* 4-2 packs black printer ink
* 1 Nintendo DS game system
* 130 DS games
* G.E.D. Diploma
* 1 set waterproof grooming set
* 1 set fishing weighters
* 4 fishing poles
* 5 large tackle boxs full

III.   Det. mckinnon caused injury by violating plaintiffs inelienable rights that
       cant be transfered or surrendered.

112    Det. mckinnon caused plaintiff injury by violating his autonomy privacy by denying
       plaintiff his right to control his personal activities and intimate personal decisions
       without interfearance, observation, or intrusion causing injury.

113    Det. McKinnon is guilty of violating plaintiffs informational privacy causing injury by denying him the right to choose to determine whether, how, and to what extent information about plaintiff is communicated to others especially sensitive and confidential information causing injury.

114    Det. McKinnon violated plaintiffs personal privacy by the disclosure of confidential and private information on matters relating to plaintiffs person

115    Det. McKinnon caused injury to plaintiff by slandering him causing special damage to plaintiffs reputation.

116    Det. McKinnon is guilty of criminal libel against plaintiff causing injury by her defamatory statements that are designed to expose plaintiff to hatred and ridicule by the public causing injury.

117.    Det. McKinnon is guilty of libel per se causing plaintiff injury with the libel that is defamatory on its face such as the statement "plaintiff is a dangerous sex offender"

118    Det. McKinnon is guilty of all injuries by herself and/or anybody representing her, working for her or with her and therefore she is personally liable for the injuries she caused to plaintiff, his case, and his property.

119    Det. McKinnon has/is causing plaintiff legal injury as well as psychological injury by denying plaintiffs right to request and receive personal documents.

120.    As discussed above Det. McKinnon caused plenty of injury to plaintiff his property and his constitutional rights that has not only caused the legal injury of fair and equal protection but the denial of due process, both being denied to plaintiff. plaintiff due to Det. actions behavior and misconduct has

# FActs

Continually suffered mentally, finacially, emotionally, and physical injury and he has suffered relationship wise due to Det. scaring his friends off by telling them not to talk to plaintiff or she will file charges in family court.

121   Plaintiff suffers from a emotional disability, PTSD, psychotic disorder, Personality disorder, Anxiety, ADHD, etc which Det's Actions and the injuries she has/is causing has made plaintiff suffer with mental up and downs resulting Also in plaintiff being put in suicide watch and under going two forensic Psych evaluations. Det. has caused enough damage to plaintiff's mental, Physical, and emotional well being when is enough going to be enough.

122   Defendant Amy minton works for the Child assessment Center who was sought ought by wyoming police Det. margerett mckinnon to work plaintiffs case. There for Defendant Amy Minton has become liable for her actions and violations to plaintiff and his rights/case

123   Amy minton is employed by the Child Assessment center as a forensic interviewer and met with Alleged victim Jolene vandevelde and her mother on August 2nd 2018

124   It is said that the interview with Jolene the alleged victim was conducted utilizing the state of Michigan forensic interview protocol. This is by far not the truth.

125   Amy minton used the illegally seized photographs from plaintiff's phone during this interview.

126   Amy minton proceeded forth with the photographs one at a time. However before she she showed each picture she made it a point to state " These came from Brians (plaintiffs) phone " and prior to actually showing each photo, defendant clearly

and intentionally described what the alleged victim would see in each photo clearly leading the alleged victim into seeing what defendant wanted alleged victim to see instead of letting victim see the pictures and determine for herself what the photos show in. These actions caused plaintiff legal injury as well as mentally.

127. Plaintiff doesn't know for sure but he highly doubts the state of Michigan forensic interview protocol instructs or suggest to detail evidence and lead alleged victims into statements. This is a violation of Amy Mintons ethical Responsibility and a injury to Plaintiff.

128. Alleged victim. stated that nothing inappropriate happened with plaintiff, she named the front bottom as the part she peed with, The front top as her chest, and the back bottom as the part she pooped with. Alleged victim said that nobody not even Plaintiff has ever done anything to any of these areas. she then stated that plaintiff never did anything she was ok with. Alleged victim was tired of being asked the same questions by everyone and changed the subject.

129. On August 8th 2018 Amy Minton met with alleged victims sister supposedly useing the same protocol as before used with alleged victim.

130 Alleged victims sister named the vagina, Breast, and Butt then denied anyone has ever done anything to those areas. And knew nothing Bad about plaintiff

131 On August 9th 2018 Amy minton met with Alleged victims Brother useing the same Protocol.

132 This Brother denied ever sleeping in a bed with plaintiff and said noone slept in the bed with plaintiff, the same thing the two girls said. He in fact said plaintiff was nice. This Brother identified private parts and that they where used to go to the Bathroom

FACTS

He denied someone ever did something to his private parts.

133  So in fact the alleged victim and her siblings said plaintiff did nothing to them and said nothing but good things about plaintiff and none of them slept in Plaintiffs bed.

134  However Defendant Amy Minton proceeded to label plaintiff as a sex offender and put in her reports that plaintiff slept in the same bed as alleged victim, that Plaintiff was found in the same bed, and that he assaulted her which none of is true.

135  Defendant Amy Minton is guilty of causing plaintiff injury by slandering his name and character to his friends and those close to him for immoral purposes.

136  Defendant Amy Minton is guilty of causing injury by emotional, mental, and physical abuse with her corrupt behavior and tactics

157  Defendant Amy Minton is guilty of causing injury by inflicting emotional distress through her highly prejudice infliction of causing highly unpleasant mental reactions such as anguish, grief, fright, humiliation, and fury that resulted from her conduct also known as emotional pain and suffering

138  Defendant Amy Minton is guilty of causing injury to plaintiff by inflicting such punishment as;
"Corporal Punishment" by inflicting physical punishment to plaintiffs mind which is a part of the body.
"Cruel & unusual Punishment" by leading alleged victim to see what defendant wanted her to see by detailing what photos shown before she say them, mentally planting

in the alleged victims head what she thought photos showed causing prejudice, and biased feelings towards plaintiff

139.   Defendant Amy minten is guilty of causing plaintiff injury through her misconduct with her unlawful, dishonest, and improper behavior during her interview with alleged victim, because of Amy mintens prejudice, Bias, and personal motives towards those accused of a sex crime against a Child.

140    Defendant Amy Minton is guilty of causing plaintiff injury by inflicting pain and suffering to his mental, emotional, and physical state with her corrupt interview tactics and misconduct.

141    Defendant is guilty of causing plaintiff injury by her abuse of discretion for misreading statements describing photos and what she thought they showed instead of letting photos speak for themselves and the alleged victim to come to her own conclusion.

142    Defendant Amy Minton is guilty of causing injury to plaintiff by her dereliction of duty by not searching for the truth, but to compell a statement that went along with hers and Det. mckinnons motives and personal beliefs.

143    Defendant Amy Minton is guilty of causing injury to plaintiff with her prejudice feelings to plaintiff before she even knew if he did anything wrong for sure or not.

144    Defendant Amy minton is guilty of causing plaintiff injury with her biased behavior and feelings whether or not plaintiff did something.

145    Defendant Amy Minton is guilty of causing injury to plaintiffs reputation to his friends by her corrupt behavior and misleading statements.

FACTS

146  Defendant Amy Minten is guilty of causing plaintiff injury by useing illegally seized photos in her interview making herself become an accessory to violating plaintiff's Constitutional right to be protected under the 4th Amendment Privacy right, and under the 5th for useing my personal property without Consent and due Compensation.

147  Defendant Amy Minten is guilty of invidious discrimination Causing injury by discriminating against plaintiff with preludice and stereotyping Causing injury to plaintiff.

178  Defendant Amy Minten is guilty of injury to plaintiff by defamation of Character by making plaintiff out to be a dangerous person when he did no wrong

149  Defendant Amy Minton is guilty of Causing plaintiff injury with her undue influence by useing her authority and trust to mislead the alleged victim into believing what the defendant wanted Causing plaintiff injury

150  Defendant Amy Minton is guilty for Causing plaintiff wounded feelings bringing him injury from defendants insults, indignity, and infliction of humility which is distinguished from the usual mental pain and suffering

151  Defendant Amy Minton is guilty of wrong Causing injury to plaintiff such as;
"Civil wrong" for her defect in performing her Public duty with Corruption
"moral wrong" for useing behavior Contrary to the rules of her profession.
"Positive wrong" for willfully committing a wrongful act
"wrong of negligence" for not exercising Reasonable Care which is her duty.

152    Defendant Amy minton is guilty of causing injury to Plaintiff with her breach of duty for ignoring her legal and moral obligation by not going with proper procedure of protocol by allowing her prejudice and bias to dictate her immoral actions.

153    Defendant Amy minton is guilty of causing plaintiff injury by her breach of duty of care for her negligence that resulted in a foreseeable injury that would not have occured but for her actions.

154.    Defendant Amy minton is guilty of Conspiracy causing plaintiff injury for working with wyoming police Det. mckinnon to use illegal evidence not to mention fabricated evidence to turn the case in their favor by compelling a false statement with misleading information.

155.    Defendant Amy minton is guilty of causing injury by violating her professional responsibility to act and behave ethically

156    Defendant Amy minton is guilty of causing injury by violating plaintiffs Constitutional right to be free from government interference and due process of law.

157    Defendant Amy minton is guilty of causing injury to Plaintiff with discriminatory harassment by her corrupt cohorts and typed report.

158    Defendant Amy minton violated plaintiffs human rights causing injury

159    Defendant Amy minton is guilty of causing plaintiff injury in such forms as ; "civil injury" "Continuing injury" "direct injury" "injury to reputation" "irreperable injury" "Malicious injury" "personal injury" etc

FACTS

160    Defendant Amy Minton is guilty of personal liability causing plaintiff injury with her corrupt and dishonest behavior

161    Defendant Amy Minton is guilty of strict liability causing plaintiff injury with her unlawful conduct.

162    Defendant Amy Minton is guilty of civil liability, causing plaintiff injury for her breach of duty and reckless disregard.

163    Defendant Amy Minton is guilty of tortuous liability causing plaintiff injury by her breach of duty and breach of duty of care.

164    Defendant Amy Minton is guilty of libel per se causing injury to plaintiff by her statements that are defamatory on their face such as the statement "Plaintiff is a sex offender"

165    Defendant Amy Minton is guilty for causing plaintiff injury with her reckless disregard by her prejudice and bias statements not caring if the statements where true or would cause injury.

166    Defendant Amy Minton is in violation of her ethical duty causing plaintiff injury by planting thoughts and words in alleged victims head by mentally describing what the photos shown before showing them.

167    Defendant Amy Minton is guilty of using unprofessional conduct causing injury to plaintiff.

168. Defendent Amy Minten is guilty of causing plaintiff injury to his reputation by causing a diminution in the esteem, goodwill, and confidence that people placed in plaintiff

169. Defendent Amy Minten is guilty of causing injury to plaintiffs inalienable rights that cannot be transfered or surrendered

170 Defendent Amy Minten is guilty of violating plaintiffs autonomy privacy by denying him his right to control personal activities and intimate personal decisions without outside interferrence, observation, or intrusion causing injury

171 Defendant Amy Minten violated plaintiffs informational privacy by denying his right to choose to determine whether, how, and to what extent information about plaintiff is communicated to others especially sensetive and confidential information causing plaintiff injury.

172. Defendant Amy Minten is guilty of violating plaintiffs personal privacy by the disclosure of confidential and private information or matters relating to plaintiff.

173 Defendent Amy Minten is guilty of slander inflicting injury to plaintiff and special damage to his reputation.

174 Defendent Amy Minten is guilty of criminal libel by her defamatory statements that are designed to expose plaintiff to hatred and ridicule by the public causing injury to plaintiff

175 Defendent Amy Minten is guilty of libel per se causing plaintiff injury with the libel that is defamatory on its face such as the statement "Brian is a sex offender"

## FACTS

176   Defendant Amy Minton is guilty of all injuries by themselves and/or employee's representing her of working for her and she is therefore personally liable for Plaintiff's injuries.

177   Defendant Amy Minton has caused direct injury to Plaintiff's Constitutional rights, human rights, reputation, emotional/mental stability etc. Causing personal injury and legal injury.

178   Plaintiff due to defendant Amy Minton's actions and behavior has suffered with mental and emotional instability which has had direct effects to Plaintiff's sleep, Health, legal standpoint, and stability, Physically altering Plaintiff's daily life.

179   Defendant Melissa Nestle is a Medical examiner who's services where sought by defendants Deti McKinnon and Amy Minton.

180   Defendant Melissa Nestle agreed to contract her services to the case making her become liable for the injuries that has effected plaintiff.

181   On August 22nd 2018 Defendant Melissa Nestle met with alleged victim for a examination also speaking with alleged victims mother prior to the examination.

182   Defendant Melissa Nestle found no side effects or symptoms wrong with alleged victims systems.

183   Alleged victims mother states that alleged victim misses plaintiff. Alleged victim states she has no secrets, nothing on her body hurt, and that she felt safe.

184    Defendant Melissa Nestle stated in her report/exam that "the female genitalia was normal and no visual injury noticed." Alleged victim wasn't messed with

185    Defendant Melissa Nestle's report said under "Assessment of physical exam findings: PART A" was normal

186    Defendant Melissa Nestle's report said under "Overall assessment of the likelihood of sexual Abuse: PART B" was "pediatric sexual abuse confirmed" claiming Det. said theres pornographic or video evidence that Det. visualized.

187    Defendant Melissa Nestle altered her medical findings based on the word of Det. McKinnon which is unprofessional and should of been based on physical exam not someones word whos not a medical professional and since, Defendant Melissa Nestle never seen the existence of any such video she unjustifiably and unprofessionally changed her medical evidence to suit her and Det's motives because actual video does not actually show alleged victim, it in fact shows no identification causing plaintiff injury.

188    Defendant Melissa Nestle stated in her report that alleged victim had never disclosed any abuse or assault but Melissa Nestle proceeded to slander plaintiff naming him the assailant of criminal sexual product even though theres no proof of that causing plaintiff injury to himself, his reputation and legally.

189    Defendant Melissa Nestle is guilty of causing plaintiff injury by emotional, mental, and physical abuse with her corrupt behavior and tactics.

190    Defendant Melissa Nestle is guilty of causing plaintiff injury by inflicting emotional distress through her highly prejudice infliction of causing highly unpleasant mental reactions such as anguish, grief, fright, humiliation, and fury that resulted from

*FACTS*

her conduct, also known as emotional pain and suffering.

191    Defendant Melissa Nestle is guilty of causing injury to plaintiff by inflicting pain and suffering to plaintiff's mental, emotional, and physical state with her corrupt misconduct

192    Defendant Melissa Nestle is guilty of causing plaintiff injury through her misconduct with her unlawfull, dishonest, and improper behavior during interview with alleged victim because of defendants prejudice and personal motives.

193    Defendant Melissa Nestle is guilty of causing injury to plaintiff by her dereliction of duty by not searching for the truth, but to compell a statement that went along with her altering of the medical results and her motive and personal beliefs.

194    Defendant Melissa Nestle is guilty of causing injury with her prejudice feelings towards plaintiff before she even knew if he did anything or not.

195    Defendant Melissa Nestle is guilty of causing injury to plaintiff with biased behavior and feelings whether or not plaintiff did something.

196    Defendant Melissa Nestle is guilty of causing plaintiff loss of reputation to his friends, by her corrupt behavior and misleading statements causing plaintiff injury.

197    Defendant Melissa Nestle is guilty of invidious discrimination causing plaintiff injury by discriminating against him with prejudice and stereo typing.

198    Defendant Melissa Nestle is guilty of causing plaintiff injury by defamation of character by making him out to be a dangerouse person when he did no wrong

199    Defendant Melissa Nestle is guilty of causing plaintiff wounded feelings bringing him injury from defendants insults, indignity, and infliction of humility which is distinguished from the usual mental pain and suffering.

200.    Defendant Melissa Nestle is guilty of wrong against plaintiff causing injury such as;
"Civil wrong" for her defect in performing her public duty with corruption.
"Moral wrong" for useing behavior contrary to the rules of her profession
"positive wrong" for willfully committing a wrongful act
"wrong of negligence" for not exercising reasonable care which is her duty.

201.    Defendant Melissa Nestle is guilty of causing plaintiff injury with her breach of duty for ignoring her legal and moral obligation by not going with proper procedure of protocol by allowing her prejudice and bias to dictate her immoral actions.

202    Defendant Melissa Nestle is guilty of causing injury by her breach of duty of care for her negligence that resulted in a foreseeable injury that would not have happened but for her actions, causing plaintiff injury.

203    Defendant Melissa Nestle is guilty of conspiracy for working with defendant Mckinnon and defendant Minton to use illegally obtained evidence, not to mention fabricated evidence to turn the case in their favor by giving a non medical, false diagnosis based on non-existent evidence.

204    Defendant Melissa Nestle is guilty of causing plaintiff injury by violating her professional responsibility to act and behave ethically.

205    Defendant Melissa Nestle is guilty of causing plaintiff injury with discriminatory harassment by her corrupt actions and typed report.

## FACTS

206 | Defendant Melissa Nestle is in violation of Plaintiff's Human Rights Causing injury

207 | Defendant Melissa Nestle is guilty of Causing Plaintiff injury in such forms as: "Civil injury" "Continuing injury" "direct injury" "injury to Reputation" "irreparable injury" "Malicious injury" "Personal injury" etc.

208 | Defendant Melissa Nestle is guilty of personal liability Causing plaintiff injury with her Corrupt and dishonest behavior.

209 | Defendant Melissa Nestle is guilty of strict liability Causing plaintiff injury with her unlawful Conduct.

210 | Defendant Melissa Nestle is guilty of civil liability Causing plaintiff injury for her breach of duty and reckless disregard.

211 | Defendant Melissa Nestle is guilty of tortuous liability Causing Plaintiff injury by her breach of duty and breach of duty of care

212 | Defendant Melissa Nestle is guilty of libel per se Causing plaintiff injury by her Statements that are defamatory on their face such as the statement "Brien is a sex offender"

213 | Defendant Melissa Nestle is guilty of Causing injury to Plaintiff with her reckless disregard by her prejudice and Biased statements, not careing if the statements where true or if they would Cause injury.

214 | Defendant Melissa Nestle is guilty of useing unprofessional Conduct Causing plaintiff injury.

215    Defendant Melissa Nestle is guilty of Causing plaintiff injury through Corporal Punishment meaning physical punishment on the mind which is a part of the body

216    Defendant Melissa Nestle is guilty of Causing plaintiff injury through Cruel and unusual punishment that is torturous, degrading, and inhumane with her statement and findings based on no evidence and no medical opinion except the opinion of her personally notes a medical professional

217.    Defendant Melissa Nestle is guilty of Causing plaintiff injury by slandering his name and reputation by stating verbally and in writing that plaintiff is a perpetrator of crime when theres no evidence of that

218    Defendant Melissa Nestle is in violation of her professional responsibility, ethical standards obligation, and moral standards by going against physical medical findings and medical evidence to make a conclusion based on a non medical persons word without seeing any evidence, Causing plaintiff legal injury, emotional injury, mental injury and physical injury as well as serious bodily injury.

219    Defendant Melissa Nestle is guilty of Causing plaintiff injury to his reputation by causing a diminution in the esteem, goodwill, and Confidence that people placed in plaintiff

220    Defendant Melissa Nestle is guilty of causing injury to plaintiffs inalienable rights that cant be transfered or surrendered

221    Defendant Melissa Nestle is guilty of violating plaintiffs personal privacy by the disclosure of Confidential and private information or matters relating to plaintiff

222    Defendant Melissa Nestle is guilty of slander inflicting injury Causing special damages to plaintiffs reputation.

*FACTS*

223   Defendant Melissa Nestle is guilty of criminal libel by her defamatory statements that are designed to expose plaintiff to hatred and ridicule by the public causing Plaintiff injury.

224   Defendant Melissa Nestle is guilty of libel per se causing injury to plaintiff with libel that is defamatory on its face such as the statement "Brian is a sex offender"

225   Defendant Melissa Nestle is guilty of all injuries by herself and/or anybody representing her or working for her and therefore she's personally liable for plaintiffs injuries she's caused.

226   Defendant Melissa Nestle's actions and behaviors severely violated Plaintiffs rights in numerous forms. Plaintiff didn't need to physically be at the interview to be injured.

227   Plaintiff suffered legally, emotionally, mentally, and physically causing his mental health to fluctuate effecting his sleep, grooming, and interaction with others, health etc.

228   Most cities, at least in Michigan, are by public act 230 public acts or public act 287 public acts, and in every one of them there is a rights and powers section... usually its recorded at 2.2 or 3.1, and basically says " subject to the constitution of the united states and the general laws of the state of Michigan, the city or town ship of has rights and powers too." Then it starts listing all these powers: The right to have a police dep't, fire dep't, city hall... and all these other powers. The Anti-thesis to this arguement is that if they are not in the Constitution of the united states and the general laws of the state of Michigan then they dont have any rights or powers. In other words they are in violation of their corporate charter, their franchise. They promised they would be within the Constitution of the united states and the general laws of the state of Michigan.

229   The City of wyoming willfully violating plaintiffs and others Constitutional rights they have waived their right to be the city of wyoming

230   This allows Plaintiff to go for a writ of mandamus and quo warranto

231   Defendant Corporation the city of wyoming has violated Provisions of the Act under which it was created, and also has violated provisions of public Act 230 public Acts sec. 2-2 rights and powers section... In other words they didn't uphold the Constitution of the united states and the general laws of the state of Michigan. Defendant Corporation the city of wyoming accordingly has forfeited its charter and has become liable to be dissolved by the abuse of its power. How much money are we talking about here? Nine decimal points plus wouldn't you think?

232   The City of wyoming caused injury to plaintiff and his Constitutional rights such as the 4th Amendment, the 5th Amendment, 8th Amendment, and the 14th Amendment they did this indirectly through their officers of the wyoming police Dep'T which the city is responsible for.

233   Defendant the city of wyoming has caused plaintiff injury by either not adequately training their officers on Constitutional rights/law or their failure to keep up with their officers illegal and immoral behavior and actions.

234   If it wasn't for the City of wyoming Failing to do their responsibility to oversee the city and city police Dep't the Det. mckinnon never would of been able, or allowed to do the illegal search and seizure of my home and cell phone and/or violate none of my rights

235   The City of wyoming and their police Dept is guilty of causing injury to plaintiff legally financially, etc that cant be easily corrected if at all.

*FACTS*

236  Defendant Augustina Baar works for the Kent County Child Protective Services office and is directly related to injuries plaintiff suffered as follows.

237  Augustina Baar works with alleged victims family and in the report dated July 31st 2018 The following comments were made by Augustina Baar and her coworkers. (1) Plaintiff and victim cuddle in the same bed together (2) Plaintiffs past CSC victim was a minor female (3) listed plaintiffs criminal history (4) That pediatric sexual Abuse was confirmed due to photographic evidence (5) Accused plaintiff of sexually Abusing victim. (6) Jolene vandeveide was sexually Abused by Brian Schwab (plaintiff) (7) went into detail about plaintiffs past cps involvement listing his children and childrens mother and discussed past investigations. (8) said plaintiff admitted to talking to Alleged victim about sex, That alleged victim Came onto him and Admitted to touching alleged victim and taking the photos and videos.

238  Alleged victim Said they would not cuddle in bed or sleep in the same bed And that Plaintiff did nothing.

239  Defendant Augustina Baar is guilty of slandering Plaintiffs name Causing injury

240  Defendant Augustina Baar is guilty of libel against Plaintiff Causing injury

241  Defendant Augustina Baar is guilty of causing damage to plaintiffs reputation and Causing the loss of trust and goodwill by the public

242  Augustina Baar lied in her report — plaintiff never admitted to anything especially not to anything illegal or sexual. This Caused plaintiff legal injury as well as emotional and mental injury

243    Augustina Baar is guilty of stating plaintiff in fact did commit the crime against alleged victim when there's been no disclosure by the alleged victim, no conviction at trial etc. This is done out of prejudice and biased feelings towards plaintiff causing injury.

244    Augustina Baar violated plaintiffs privacy and his family's privacy by listing not only his criminal history, but his and his families past CPS and family court involvement.

245    Augustina Baar stated "Brian (plaintiff) sexually abused victim and that abuse was confirmed by photographic evidence" when there's no complaining victim and no photographic evidence as they claim showing this alleged victim being assaulted. Augustina Baar has caused injury.

246    Augustina Baar acted unprofessionally in her actions to state claims without evidence to prove them and violated plaintiffs right to have his records be confidential.

247    Augustina Baar has caused injury to plaintiff by violating his constitutional rights such as equal protection, due process, privacy, etc. This has caused plaintiff stress and unstable mental reactions.

248    Defendant Gabriel Cedillo, #1058 Agent works for the Michigan dep't of state police - Computer crimes unit and is guilty of the following violations to plaintiffs constitutional rights.

249    On Wed, August 1st 2018 Defendant Gabriel Cedillo illegally searched plaintiffs personal phone, without consent or a warrant

## FACTS

250  Gabriel Cedillo seized photographs and videos from plaintiffs phone after showing them to Wyoming Det. Mckinnon, as well as a download of the entire contents of the phone without a warrant.

251  Gabriel Cedillo proceeded to allow Det. mckinnon to make copies of the photos and videos and take them with her without a valid warrant.

252  This is clearly a violation to plaintiffs 4th Amendment right of the united states Constitution as well as the 5th Amendment Causing plaintiff legal injury and injury to his privacy.

253  Neither Agent Gabriel Cedillo or Det. mckinnen had proper authority to search plaintiffs phone and seize anything so their both liable for the injuries and violation to plaintiffs rights.

254  The Kent County Parole office and the following parole agents: Agent Dave Hosfelt, Agent Derick Bradford, Agent Travis Rosema, supervisor Janette Freeman, agent Mitchell errands and supervisor Todd Bailey are guilty of the following causing plaintiff injury.

255  The Kent County parole office and the above listed agents have been continuously violating plaintiffs rights since 2013 non stop and is still continueing today.

256  The Kent County parole office and its agents are guilty of causing plaintiff punishment in multiple forms causing injury such as:

"Corporal Punishment" by inflicting Physical Punishment on plaintiffs body also to include imprisonment.

"Cruel & unusual Punishment" by causing punishment that is torturous, degrading, inhumane, etc such as denying plaintiff rights to life and liberty as well as by causing plaintiff to become the victim of Physical, emotional, mental, and sexual Abuse in Prison.

"Cumulative punishment" by constantly useing the wrongful conviction and imprisonment repeatedly to Punish me by confining me constantly and denying plaintiff his constitutional rights to life, liberty, and the pursuit of happiness.

"Deterrent Punishment" by wrongfully sending plaintiff to lock up as an example to others and to deter plaintiff from committing crime when he committed no crime

"Double Punishment" by inflicting punishment in more than one form for the same alleged act.

"Excessive punishment" by inflicting severe punishment that prohibits plaintiff from living comfortable and with rights garunteed plaintiff by the u.s. constitution.

"Preventive Punishment" by intending to Prevent a repitition of wrongdoing by disabling Plaintiff when hes restricted from living a normal life.

"Reformative punishment" by trying to change plaintiffs character when he died nothing wrong to cause the force of change

"Retributive punishment" by trying to satisfy the community instead of doing whats right and following due process rights as well as by restricting plaintiff from freely living life in the community.

257    Defendant Kent County Parole and its employees are guilty of causing severe mental, physical, and emotional abuse causing plaintiff injury by the physical imprisonment, loss of family, loss of freedom, etc

258    Kent County Parole and its employees are guilty of causing plaintiff to undergo severe emotional distress causing injury by causing highly unpleasant anguish, grief, fright, and humiliation also causing mental distress.

*FACTS*

259    Kent County Parole and its employees are guilty of causing plaintiff duress by physically confining him and destroying his free agency and will for unjustifiable reasons.

260    Kent County Parole and its employees are guilty of causing plaintiff severe pain and suffering by the unjustifiable physical imprisonment, loss of family and loved ones, loss of plaintiffs kids, loss of everything he owned, loss of chronic pain care and treatment, abuse in multiple forms by others, etc

261    Kent County Parole and its employees are guilty of causing plaintiff loss of wages that he could have had from working to provide for himself, causing plaintiff injury by their restricting where plaintiff worked and when.

262    Kent County Parole and its employees caused plaintiff to suffer severe mental pain from the death of plaintiffs father and multiple other family members whom plaintiff never got to say goodbye to or attend their funerals. Thats something plaintiff can never get back

263    Kent County Parole and its employees are guilty of causing plaintiff to loose time with his children and the fight to raise his children when they where taken and adopted out because defendant locking plaintiff up every time he had mental health outbreaks instead of helping him get treatment, causing plaintiff injury.

264    Kent County Parole and its employees are guilty of causing plaintiff to loose positive reputation with family, society, and friends, causing the loss of family, friends and professional relationships due to the defendants slander, libel, and constant confining of plaintiff causing injury.

265. Kent County parole and its employees are guilty of causing plaintiff to suffer banishment from over 50% of his hometown area due to restrictions.

266. Kent County parole and its employees are guilty of causing plaintiff the loss of his civil and constitutional rights such as the right to travel freely, right to live and work where he chooses, right to happiness, right to own and use a computer etc.

267 Kent County parole and its employees are guilty of causing plaintiff to suffer hardship severely by having almost the impossibility to find housing and employment due to defendants harsh stipulations and requirements, causing plaintiff injury.

268. Kent County parole and its employees are guilty of causing plaintiff to suffer discrimination by family, the law, society, prisoners, courts, etc due to defendants wrongful accusations and confinement causing plaintiff injury.

269. Kent County parole and its employees are guilty of causing plaintiff to suffer physical assault by members of society, fellow inmates, prison officers etc. Plaintiff has suffered sexual assault by others, suffered multiple thefts of property etc causing plaintiff to fear for his safety and his property causing injury.

270 Kent County parole and its employees are guilty of violating plaintiffs privacy causing injury and a violation of plaintiffs constitutional rights which is plaintiffs right to have by the state registry, police searches randomly, wearing an electronic monitoring device, drug and alcohol testing, search of plaintiffs phones, computer and home etc.

271 Kent County parole and its employees are guilty of causing plaintiff to not be there to take care of his kids or protect them causing plaintiffs daughter to be sexually molested at five years old by the baby sitter and all plaintiffs kids and plaintiff went through severe emotional disturbances due to the constant confinement and stigma placed on plaintiff and his family.

*FACTS*

272   Kent County Parole and its employees are guilty of causing Plaintiff to suffer home loss ness multiple times due to defendants denying Plaintiffs place to live all out of prejudice, causing injury.

273   The Kent County Parole and its employees are guilty of causing plaintiff financial debt by not letting Plaintiff work to pay thousands of dollars in fees for the state caring for his kids, fees for attorneys, court cost, crime victims fees, as well as $22.00 a week for each one of the two tethers they had on plaintiff and supervision fees.

274   Kent County Parole and its employers are guilty of causing plaintiff to become victim of such things as; employment discrimination, defamation of character, unconstitutional retro active laws, loss of employment, harassment, the infliction of emotional distress, prosecutorial misconduct, personal liberty loss, malice, legal malpractice, misrepresentation, undue prejudice, lay damages, slander, exile, exploitation, expulsion, extortion, false imprisonment, loss of association, loss of freedom of choice, loss of freedom of movement, consequential damages, continuing damages, etc. causing plaintiff severe injury

275   Kent County Parole and its employees are guilty of the following causing plaintiff injury. Corrupt conduct, unprofessional conduct, unreasonably dangerous conduct, wrongful conduct, breach of duty, breach of duty of care, defamation of character, dereliction of duty, violation of duty to obey the law, violation of legal duty, violation of moral duty, violation of duty to disclose, violation of duty to inform etc.

276   Kent County Parole and its employees are guilty of wrong causing plaintiff injury such as;

"wrong" Breach of their legal duty and plaintiffs legal rights.

"Civil wrong" Breach of statutory duty and defect in performing public duty

"Continuing wrong" By allowing things to continue under a wrongful Conviction and imprisonment

"legal wrong" By violating the law that protects due process and court rules

"moral wrong" by committing a act contrary to the rules of natural Justice

"Personal wrong" by violating plaintiff by invading his personal rights.

"Transitory wrong" by committing a wrong that now committed belongs to the past.

277     Kent County parole and its employees are guilty of inflicting torture on plaintiff causing injury by causing intense pain to the mind to punish plaintiff for their sadistic pleasure as well as guilty of torturous conduct by their intentional acts, unlawful conduct etc.

278     Kent County parole and its employees are guilty of violating plaintiffs Constitutional freedom, Constitutional guarantee, and Constitutional rights causing injury to plaintiff

279     Kent County parole and its employees are in direct Violation of plaintiffs rights such as;

"Absolute Right" by violating and restricting plaintiffs rights that belong to every human being.

"Assured Rights" by violating plaintiffs rights that he does not naturally enjoy but instead is procured such as the right to own property

"Enumerated Rights" by violating plaintiffs rights written in the constitution and statutes.

"Exclusive Rights" by violating plaintiffs right vested in him to do something or be protected from something,

"Incorporated Right" by violating plaintiffs rights that are stated to be part of the text of the Constitution and/or legal document.

"Incorporeal Right" by violating plaintiffs rights to intangible rather than tangible property.

"Individual Right" by violating plaintiffs personal rights

"legal Right" by violating plaintiff rights that are created and/or recognized by law such as his right to due process or right to be free from undue governmental interference

## FACTS

"natural Rights" by violating plaintiffs rights that are concieved as part of natural law such as the right to be a parent and raise kids

"nonderogable Rights" by violating plaintiffs rights that must be fully honored such as the right of due process, a Constitutional right etc.

"Primary Rights" by violating plaintiffs rights prescribed by substantive law such as the right not to be defamed or assaulted.

"Private Rights" by violating plaintiffs rights that are personal opposed to a right of the public or state such as the right for plaintiff to raise his kids as he sees fit.

"Public Rights" by violating plaintiffs rights that belong not only to him but all citizens.

"Substantive Rights" by violating plaintiffs rights that should be protected and enforced by law

"Enumerated Rights" by violating plaintiffs rights retained by the people but not explicitly mentioned in the Bill of Rights

"Rights of Possession" by violating plaintiffs right to hold, use, occupy, or otherwise enjoy a given property such as a computer

"Right of Privacy" by violating plaintiffs right of a person and of his property to be free from unwarranted public scrutiny or exposure such as personal information made public on the internet.

"Right of Publicity" by violating plaintiffs right to control the use of his own name, picture, or likeness and to prevent another from useing it for commercial benefit without plaintiffs consent.

"Right of Man" by violating plaintiffs rights known as fundamental human rights drafted during the french revolution.

"Right to Travel" by violating plaintiffs right that is a Constitutional right and guarenteed by the privileges and immunities Clause to travel freely between states, such as denying Plaintiff to freely leave the area/state

"Right to Pursue Happiness" by violating plaintiffs Constitutional right to pursue any lawful business or activity that might yield the highest endowment such as attending public

events or pursuing a romantic relationship with whom plaintiff chooses.

"Right of association" by violating plaintiffs right to be around and associate with whom plaintiff chooses freely.

280.    Kent County parole and its employees are guilty of causing plaintiff to become a victim of injury such as; bodily injury, civil injury, continuing injury, direct injury, injury to reputation, irreparable injury, legal injury, malicious injury, pecuniary injury, personal injury, serious bodily injury, causing injury.

281    Kent County parole and its employees are guilty of liability such as; civil liability, fault liability, penal liability, personal liability, tortureous liability, etc causing plaintiff injury

282    The Kent county parole and its employees are guilty of causing plaintiff the loss of personal property 4 seperate times in the year 2013 when they wrongfully violated plaintiff for having mental health problems, locking him up when they clearly knew he has mental health issues that causes the need for medication and treatment and that he should of been treated for mental health not locked away with no medical help causing plaintiff to loose the following property over 4 times he was sent to jail.

* 4 Dorm refridgerators
* Clothes
* 4 necklaces
* 2 Bracelets
* Roughly 50 music cd's
* 4 phones
* 1 mp4 player
* 3 play station two game systems
* Roughly 100 playstation games
* Roughly 200 dvd's

* 4 Bike chains and locks
* 1 stereo
* 4 coffee pots
* 4 electric Burners
* 4 sets pots and pans
* 4 Cigserette making machines
* 4 coolers
* Personal Documents
* Pictures
* 4 coats

# FACTS

* 4 dvd players
* 4 Sets Dishes
* 4 microwaves
* 4 vaccums
* 4 Brooms/mops
* 4 T.v.'s

* Roughly $400 in art supplies
* 4 Pair shoes
* 4 pair Boots
* 4 pair Dress Shoes
* 4 Fans
* 4 Bikes

283    Kent County parole and its employees are guilty of the loss and damage to Plaintiffs property when they wrongfully incarcerated him in 2015 for tether violations for curfew when plaintiff worked extra shifts and because of mental health issues which treatement was needed not falsely incarceration Causing the loss of the following property Causing plaintiff injury.

* Clothes
* Camcorder
* Digital camera
* Pictures
* 2 phones
* Roughly 150 dvd's
* Roughly 200 Cd's
* 1 playstation one system
* 1 playstation two System
* Roughly 100 playstation games
* 3 Portable phone chargers
* 2 pair Bluetooth head phones
* 2 Collectors pool sticks
* 2 prepaid credit Cards roughly $1000
* 5 - $50 dollar free gift cards

* Roughly 15 undeveloped Cameras of dead dads
* 1 - 5 gallon water jug full of silver change
* 1 Dell lap top
* Various sets of Collectors Basket Ball Cards
* 4 pair Jordan shoes
* Portable Dvd player
* Cd player Boom Box
* Dead fathers Rolex watch
* Jewelry
* watch
* 1 Bluetooth head set
* 2 Bluetooth speakers
* 3 I pads
* 3 - $100 Walmart gift cards
* Nail salon utencils and machines

* Roughly 200 Bottles nail polish
* Air Brush paint

* Air Brush kit for nails
* mp3 player

284    The Kent County Parole and its employees are guilty of the loss of plaintiffs property by
       wrongfully incarcerating plaintiff in 2017 on a Bogus violation over a mental health Break
       causing the loss of the following

* Clothes
* Roughly $2000 in wallet
* Radio
* Dishes
* Stationery
* Books
* 1 electric shaver
* 2 rechargeable trimmers
* 1 phone
* 2 pair shoes
* Roughly $300 in art supplies in mail
* Roughly 100 dvd's
* 1 Ipad
* 2 pair Bluetooth head phones
* 1 flatscreen 54" TV
* Roughly $200 in art supplies

* Coffee pot
* Deep fryer
* Pots & pans
* Cookeats
* various tools
* Paperwork
* 1 set Hair clippers
* legal Documents
* various pictures roughly 16000
* 1 pair eye glasses
* 1 Dell lap top
* 2 dvd players
* 1 Bluetooth speaker
* 1 play station two system
* Roughly 30 playstation games

285    Kent County Parole and its employees are guilty of causing the loss of plaintiffs
       property when they incarcerated him over a Bogus violation causing the loss of the
       following property.

# FACTS

* Various Airbrush supplies
* 7 S.D. cards
* various size photo paper
* Printer paper Roughly 1½ cases
* Resume paper roughly 10 packs
* 2 author kits
* 1 Dvd Burner machine
* 5-50 count packs Blank Dvd's
* 3-50 count packs Blank cd's
* 1 Inspiron laptop
* Bedding
* 1 air mattress
* 1 propane stove
* 3-1 gallon tanks propane
* 1 coffee pot
* Dishes
* Pots & pans
* towels
* Roughly 10 pair earbuds
* 5 Bluetooth speakers
* various pictures
* 2 dvd players
* Roughly 100 dvds in cases
* 2 playstation two systems
* Car resurface machine
* Roughly 150 playstation games
* 2 coats
* 3-100 count rolls of mailing stamps

* 1 flatscreen TV 24"
* 1 flatscreen 36" Dell TV/monitor
* various phone chargers
* 1 wireless phone charger
* 1 Home theatre System
* important documents
* 4 flash drives
* files
* Clothes
* 4 pair Jordan shoes
* 1 extendable drawing desk lamp
* 3 phones
* 1 Tablet computer
* 1 wallet
* last pay check roughly $600 cash
* 1 fathers day ring
* 4 Gold rings
* 1-24K gold necklace/Bracelet set
* eyeglasses
* various prepaid cards with money
* Bridge card with roughly $700 00
* State I.D.
* Social security card
* 1 watch
* 1 Bluetooth ear piece for phone
* various family packs Hyge...
* 6-2 packs color printer inks
* 4-2 packs Black printer inks

* Roughly $500 in art supplies
* 1 Digital Camera
* Various certificates/Diplomas
* 1 mp3 player
* 1 Kureg coffee pot
* Grandmas Dishes
* Deceased fathers Bible
* Study Bible
* various self help books
* 2 Roku Devices
* PSP game system w/games
* 1 pair Boots
* Multiple new appliance/Audio cords
* Roughly $1100 in legal documents
* Important records on self and Kids
* 3-25 foot gold plated HDMI cords
* Dads Death records
* 1 watch sound Deceased daughter
* 3 picture cd's

* 5-400 count folders of dvd's + one 1/4 full
* 1 electric fry pen
* 1 electric griddle
* 2 electric Burners
* 1 Iron
* 2 pair Hair clippers
* 1 radio
* 1 nintendo DS system
* 130 nintendo DS games
* 12 P.c. software programs
* 1 inspiron laptop 24"
* 1 mini DV recorder
* various nail supplies and nails
* 2 Plug & plays
* 1 XBox 360 system
* Roughly 40 X Box games
* 1 photo printer/scanner
* 4 monthly Bus passes @ $40 each

286.  Kent County Parole and its employees are guilty of causing plaintiff injury to his inalienable rights that cant be transfered or surrendered

287  Kent County parole and its employees are guilty of violating Plaintiffs autonomy privccy by denying him his right to control his personal activities and intimate personal decisions without outside interfearance, observation, or intrusion causing Plaintiff injury.

# FACTS

288  Kent County Parole and its employees are guilty of violating plaintiffs informational privacy by denying him his right to choose to determine whether, how, and to what extent information about himself is communicated to others especially sensitive and confidential information causing injury

289  Kent County Parole and its employees are guilty of violating plaintiffs personal privacy by the disclosure of confidential and private information on matters relating to plaintiffs person

290  Kent county parole and its employees are guilty of slander against plaintiff inflicting injury causing special damages to plaintiffs reputation.

291  Kent County Parole and its employees are guilty of libel causing injury by their defamatory statements that are designed to expose plaintiffs hatred and ridicule by the public causing injury.

292  Kent County parole and its employees are guilty of libel per se causing plaintiff injury with the libel that is defamatory on its face such as the statement "Brian is a sex offender"

293  Kent County Parole and its employees are guilty of all injuries by themselves and/or anybody representing them or working for them and therefore they are personally liable for plaintiffs injuries and loss of property.

294  Kent County Parole and its employees are guilty of violating plaintiffs right to his personal documents by denying him his request for the documents causing plaintiff injury and violation of due process

295    Kent county parole and its employees are guilty of not providing adequate referalls to mental health treatment, therefore failing to provide adequate mental health treatment/access and programs causing plaintiff to live daily with mental health and emotional injury leading defendents to unjustifiably incarcerate plaintiff instead of getting him refered to treatment/counceling.

296    Kent county parole and its employees are guilty of interfearing with doctors orders and assighned treatment for plaintiff by denying him the right to have his chronic back care treated with pain medications/muscle relaxers.

297    The Kent county parole and its employees by their behaviour and actions have caused plaintiff legal injury, injury to his mental health needs, injury to his physical health, injury to his medical needs etc causing injury and unstability creating plaintiff to be unsafe to himself and others.

298    Agent Dave Hasfelt has been guilty of causing the loss of some of the property and denial of due process for refusing the multiple request by plaintiff and plaintiffs mother to provide plaintiff with his necessary paperwork, grievance forms, and the violation paperwork that has plaintiff confined, causing plaintiff injury.

299    Defendant Dave Hasfelt is guilty of not providing the necessary medical referrals necessary to treat plaintiffs issues instead locking him up causing injury to plaintiffs mental health, emotional disability, rehabilitation etc.

300    Defendant Derick Bradford is guilty of filing false violations on plaintiff for having contact with plaintiffs children supposedly causing injury to plaintiff and loss of property, when it was impossible for plaintiff to have contact with his childred as they where adopted out and their wherebouts unknown. This caused plaintiff to unjustifiably be placed into a six month program where plaintiffs legal, mental health, and medical needs

FACTS

went unmet and proceeded to causing more pain and damage

301   Defendant Travis Rosema is guilty of Double violating plaintiff for the same violations that Derick Bradford did causing double Jeopardy and causing plaintiff to be kicked from the six month program and sent back to prison not letting plaintiff secure his stuff resulting in alot of plaintiffs property being stolen, causing plaintiff injury. Defendant also denied plaintiff his request to travel to mental health appointments/medical appointments resulting in uncontrollable mental pain and chronic back pain from unmet medical needs that plaintiff had medical papers to prove.

302   Defendant supervisor Janelle Freeman is guilty of Plaintiffs loss of property, discrimination against plaintiff, causing unnecessary child protective proceedings, stereo typing plaintiff, biased and prejudicial feelings towards plaintiff, trespassing on plaintiff by Just entering plaintiffs apartment without permission or invitation, also for denying plaintiff not only to get his attorney's number from plaintiffs phone but also ignored plaintiff and plaintiffs mothers request for plaintiff to be provided with grievance forms and violation/charges papers causing injury.

303   Defendant agent Mitchel Arrends is guilty of filing false violations on plaintiff, entrapping plaintiff in violations, causing loss of property, Biased and prejudicial feelings and actions towards plaintiff, Abuse of his authority, totally ignoring the fact I withdrew my consent to randomly search me and my property, etc Causing Plaintiff and plaintiffs mother to request plaintiffs violation papers, parole stipulations bearing plaintiffs signature, and grievances which defendant did answer telephone calls/messages but refused to provide the requested items.

304    Defendant supervisor Todd Bailey is guilty of denying Plaintiff grievance forms, Parole violation charges papers, and parole stipulations bearing Plaintiff's signature

305    Plaintiff and his mother contacted lansing office about Kent County Agents denying the requested items and was informed the requested items must be obtained from the Kent county Parole agent who then still refused to provide requested items and even started ignoring Phone messages.

# NOTES TO FACTS

1. Miranda v. Arizona (No. 759) 384 U.S. 436, 86 S.ct. 1602, 16 L.Ed. 2d 694 (1966)
2. Berghuis v. Thompkins, 560 U.S. 370, 130 S.ct. 2250, 176 L.Ed. 2d 1098 (2010)
3. Chavez v. Martinez, U.S. Sup. ct. (2003); see: United States v. Johnson, 6th Cir.
4. Wolf v. Colorado, 383 U.S. 25, 69 S.ct. 1359, 93 L.Ed. 1782 (1949)
5. Mapp v. Ohio, 367 U.S. 643, 81 S.ct. 1684, 6 L.Ed. 2d 1081 (1961)
6. Mapp v. Ohio, 367 U.S. 643, 81 S.ct. 1684, 6 L.Ed. 2d 1081 (1961)
7. Katz v. United States
8. Chapman v. United States, 365 U.S. 610 (1961)
9. Stoner v. California, 376 U.S. 483 (1964)
10. Riley v. California, — U.S. —, 134 S.ct. 2473, 189 L.Ed. 2d 430 (2014)
11. Turner v. Safley, 482 U.S. 78 (1987)
12. Georgia v. Randolph, 547 U.S. 103, 126 S.ct. 1515, 164 L.Ed. 2d 208 (2006)

## D. LEGAL CLAIMS

1. Prisoners are not stripped of Constitutional protections at the prison gates, retaining all those rights an ordinary citizen enjoys, except those taken expressly by law, or by necessary implication not inconsistent with penal objectives
Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1800, 60 L.Ed.2d 447 (1979)

2. Formerly imposed punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain. (wanton means malicious or uncalled for) such as punishment
Gregg v. Georgia, 428 U.S. 153, 173, 183, — S.Ct. —, — L.Ed.2d— (1976)

3. Psychological pain can violate the eighth Amendment
Perkins v. Kansas Dep't of Corr. 165 F.3d 803 (10 Cir. 1999)

4. No qualified immunity available for those who willingly violate the law
Tellier v. Fields, 280 F.3d 69 (2nd cir. 2001)

5. Parole officer held not absolutely immune when acting in a investigative capacity.
Swift v. California, 384 F.3d 1184 (9th Cir. 2004)

6. Actionable Claim stated when prisoner is retaliated against for exercising his/her Constitutional rights.
Smith v. Campbell, 250 F.3d 1032 (6th Cir. 2001)

7. Pro se litigants bringing a civil rights action in forma pauperis is entitled to five procedural Protections: (1) process issued and served. (2) notice of any motion made by defendant or the Court to dismiss the Complaint and the basis for the motion. (3) opportunity to attest submit a memorandum in opposition.

(4) In the event of dismissal a statement of the grounds for the decision, and (5) opportunity to amend the complaint to overcome the deficiencies unless it clearly appears the deficiencies cannot be overcome by Amendment.

Neill v. Carlson, 809 F.3d 1446 (9th Cir. 1987)

8.   Courts have broad discretion to consolidate separate claims pending in the same district and such consolidation when challenged will be reviewed for abuse of discretion.

Washington v. Dooley, 173 F.3d 1158 (9th Cir. 1999)

9.   Pro se complaints are to be construed liberally and dismissed only if there exist no hope of success.

Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5 (1st Cir. 2004)

10.  Under Title 42 U.S.C. Subsections 1983, 1985 and 1986 as well as Title 18 U.S.C. Subsections 241 and 242. It states " that any officer that violates plaintiffs constitutional rights at their own peril is subjected to be sued for " 10,000.00 and/or up to 10 years in prison and if death occurs life in prison.

11.  Main v. Thibautat, 448 u.s. 1 (1980); and Owen v. City of independence, 445 u.s. 622 (1980). Both cases remove Judicial immunity

12.  Title 18 § 241 "Conspiracy against rights"

If there is more persons conspire to injure, oppress, threaten, or intimidate any person in any state, territory, common wealth, possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the united states, or because of his having so exercised the same, or if two or more persons go in disguise on the highway or premises of another, with the intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured they shall be fined under this title or imprisoned not more than 10 years or both.

13  Title 18 § 242 " Deprivation of Rights under color of law"
whoever under color of any law, statute, ordinance, regulation, or custom willfully subjects
any person in any state, territory, Commonwealth, possession, or district to the deprivation
of any rights, privileges, or immunities secured or protected by the Constitution or laws of
the united states, or to different punishments, plans, or penalties on account of such
person being an alien, or by reason of his color, race, then are prescribed for the
punishment of citizens shall be fined under this title or imprisoned not more than one
year or Both.

14  Title 18 § 1708 "Theft or reciept of stolen mail matter generally"
whoever buys, recieves, or conceals, or unlawfully has in his possession any letter, post
card, package, bag, or mail, or any article or thing contained therein, which has been
stolen, taken, embezzled, or obstructed shall be fined under this title or imprisoned
not more than five years or both.

15  Title 18 § 2235 " Search warrant procured maliciously"
whoever maliciously and without probable cause procures a search warrant to be
issued and executed shall be fined under this title or imprisoned not more than one
year or both.

16  Title 18 § 2236 " Searches without warrant"
Whoever being an officer, agent, or employee of the united states or any department
or agency thereof, engaged in the enforcement of any law of the united states, searches
any private dwelling used and occupied as such dwelling without a warrant directing
such search, or maliciously and without reasonable cause searches another building
or property without a search warrant shall be fined under this title or imprisoned
not more than one year or both.

17. Title 18 U.S.C. § 2381 "Treason"

Whoever owing allegiance to the united states, levies war against them or adheres to their enemies, giving them aid and comfort within the united states or elsewhere is guilty of Treason and shall suffer death or shall be imprisoned not less than five years and fined under this title but not less than $10,000.00; and shall be incapable of holding any office under the united states.

18. Title 18 U.S.C. § 2382 "Misprision of Treason"

Whoever owing allegiance to the united states and having knowledge of the commission of any treason against them, conceals and does not, as soon as maybe, disclose and make known the same to the president or to some judge of the united states, or to the governor or to some judge or justice of a particular state, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years or both.

19. Constitution of Michigan of 1963, Art. 1 § 2 "Equal protection; discrimination" No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise there of because of religion, race, color, or national origin." Also under the 14th Amendment of the U.S. Const.

20. Parts of this complaint are also covered under the following subsections of the Michigan Constitution of 1963 Article one, subsection 2, subsection 5, subsection 5, subsection 11, subsection 13, subsection 16, and subsection 17

21. Defendant wyoming police dep't is guilty of allowing their officers to make their own laws and rules violating plaintiffs Constitutional rights such as the 4th and 5th amendments, allowing their det. to use corrupt behavior and police misconduct without investigation or punishment

22. Defendant Det. Margeret Mckinnon violated just about everyone of plaintiffs rights she physically could have, such as illegal search and seizure under the 4th amendment, taking plaintiffs personal property without due compensation and useing it as evidence against him causing him to be forced to be a witness against himself in direct violation of the 5th Amendment. Det. is also continually being about evidence she has because she cant be forced to produce it in court or show that all.

23. Defendant Amy minton, melissa nestle, and Augustina Bear violated plaintiffs constitutional right to privacy, right to due process, as well as slander, libel, defamation of character, etc. when they didnt follow protocol and released plaintiffs private information, used non policy methods, claimed the guilt of plaintiff for a crime he wasnt convicted of, leading alleged victim into false statements, useing illegal evidence to alter their reports and findings in conspiracy with Det. mckinnon.

24. Defendant City of wyoming did and does not properly train and/or supervise its police dept and its officers allowing them to violate citizens/suspects rights at their free will. Defendant also violated its oath to be in line with the united states constitution and laws of michigan when they allowed city officers to violate the gaurantees of the united states constitution just because their the law.

25. Defendant Gabriel Cedillo is and has been guilty of violating plaintiffs 4th and 5th Amendments to the U.S. constitution when he agreed to take (seizing) plaintiffs property (cellular phone) and proceed to run search programs pulling all current and deleted information which was clearly a violation of privacy however then proceeded to share plaintiffs privacy with others then seized copy's of plaintiffs cellular information, data etc. all without a valid warrant to search and seize

anything clearly in violation of the 4th Amendment. When defendant seized the property without due compensation and proceed to use property against plaintiffs in a criminal matter he violated plaintiffs 5th Amendment.

26. Defendants Kent County Parole, Agent Dave Hasfelt, Agent Derick Bradford, Supervisor Jenelle Freeman, Agent Mitchell errands, supervisor Todd Bailey continue and have since January 2013 to present violate Plaintiffs right to certain levels of privacy, his right to due process, equal protection, his right to be adequately treated mentally and medically, violated his Constitutional rights by making, following and enforcing rules that abolish Plaintiffs Constitutional rights which is clearly within the U.S. Constitution as not being allowed to be done. Yet they do it anyway. They have used discrimination against plaintiff for being a convicted sex offender Constantly harassing Plaintiff by arbitrarily and unjustifiably violating plaintiffs parole for the sure purpose of harassment and to lock him up because they believe sex offenders dont deserve freedom Also they by their harassing violations they are unjustly causing plaintiff loss of property and financial injury Constantly replacing everything. Parolees have earned their right of freedom however Kent County Parole overlooks that fact and the good behavior record prior to parole and puts more restrictive and punishable conditions on parolees limited freedom and leadway to adjust back to society and to learn to live right.

27 All defendants acted under color of state law, acted with deliberate indifference, acted sadistically and maliciously, with a Culpable state of mind, and with negligence.

E.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that the court enter Judgement

1.  Granting Plaintiff a declaration that the acts and ommissions described herein violate his rights under the Constitution and laws of the united states as well as Michigan Tort law

2.  Granting Plaintiff Compensatory damages in the amount of $50,000.00 against each defendant, Jointly and severly

3.  Granting Plaintiff Compensatory damages in the additional amount of $75,000.00 against the Wyoming Police Dep't chief of police, Jointly and severly

4.  Granting Plaintiff Compensatory damages in the additional amount of $75,000.00 against Det. Margarett Mckinnon Jointly and severly

5.  Granting Plaintiff Compensatory damages in the additional amount of $20,000.00 against Amy Minton, Melissa Nestle, and Augustine Baer Jointly and severly

6.  Granting Plaintiff Compensatory damages in the additional amount of $20,000.00 against Gabriel Cedillo Jointly and severly

7.  Granting Plaintiff Compensatory damages in the additional amount of $15,000.00 against Agent Dave Hosfelt, Kent county parole, Agent Derius Bradford, Agent Janelle freeman, Agent mitchell arrends, Agent Todd Bailey, Agent Travis Rosema, Jointly and severly

8. Plaintiff also seeks punitive damages in the amount of $50,000.00 against each defendant Jointly and severly

9  Plaintiff also seeks a Jury trial on all issues triable by Jury

10  Plaintiff also seeks recovery of their cost in this suit.

11.  That each defendant be held accountable under the laws of the united states Code TITLE 18 Sections 241, and 242, And punished.

12.  That Det. Margarette McKinnen be held accountable under united states code TITLE 18 Sections, 1701, 1702, 1703, or 1708, as well as under sections 2235 and 2236 and punished.

13  Any additional relief this court deems Just, proper, and equitable.


DATED: APRIL 14TH 2020
Respectfully Submitted.


Brian Keith Schwab #1814167
703 Ball Ave Ne
Grand Rapids Mi 49503

F. VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED AT GRAND RAPIDS MI ON
APRIL 14TH 2020

Brian    schwab

Brian Schurb
703 Ball Ave NE
Grand Rapids MI 49503

Mailed out
4/14/2020

This mail originates
from the
Kent County Correctional Facility



UNITED STATES DISTRICT COURT

399 Federal Building

110 Michigan St. NW

Grand Rapids MI 49503