UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN KEITH SCHWAB,

                Plaintiff,

v.

WYOMING POLICE DEPARTMENT et al.,

                Defendants.
_____/

Case No. 1:20-cv-336

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a county jail pretrial detainee[1] under 42 U.S.C. § 1983.  Under Federal Rule of Civil Procedure 21, the Court is permitted to drop parties *sua sponte* when the parties have been misjoined.  Pursuant to that rule, the Court will drop misjoined Defendants Kent County Parole Office, Derick Bradford, Janelle Freeman, Mitchell Arrends, Todd Bailey, and Travis Rosema, and dismiss Plaintiff's claims against them without prejudice.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A;

---

[1] Plaintiff was on parole when he allegedly committed the offenses with which he is charged.  Therefore, it is possible that his present detention is related to violation of his parole terms rather than, or in addition to, pretrial detention on his pending criminal prosecutions.  The Kent County Jail inmate lookup describes Plaintiff's status as "in custody." *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=1814167 (visited June 26, 2020).  The Michigan Department of Corrections Offender Tracking Information System describes Plaintiff's status as "Parolee-Held under custody."  *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=388934 (visited June 26, 2020).  Plaintiff has not yet served the maximum sentences on the paroled offenses nor has he reached his supervision discharge date.  *Id.*

42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court's preliminary review of Plaintiff's remaining claims reveals that the Court must presently abstain from proceeding under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 44-55 (1971).  Therefore, the Court will stay further proceedings on Plaintiff's claims against the remaining Defendants—City of Wyoming, the Wyoming Police Department, its chief (Unknown Party #1), Margaret McKinnon, Amy Monton, Melissa Nestle, Augustina Baar, and Gabriel Cedillo—until further order of the Court.

## Discussion

### I.  Factual Allegations

The facts alleged in Plaintiff's complaint are divisible into two discrete sections: (1) ¶¶ 1-253, wherein Plaintiff contends that the City of Wyoming, the Wyoming Police Department, its chief (Unknown Party #1), Detective Margaret McKinnon, Children's Assessment Center forensic interviewer Amy Monton, Children's Assessment Center Sexual Assault Nurse Examiner Melissa Nestle, Child Protective Services worker Augustina Baar, and Michigan State Police Computer Crime Unit officer/employee Gabriel Cedillo (collectively the Criminal Case Defendants) have violated Plaintiff's constitutional rights in connection with their participation as investigating officers or expected witnesses in Plaintiff's pending criminal prosecution; and (2) ¶¶ 254-305, wherein Plaintiff contends that the Kent County Parole Office, its agents and supervisors Derick Bradford, Janelle Freeman, Mitchell Arrends, and Todd Bailey, and Muskegon County Parole Office agent Travis Rosema (collectively the Parole Office Defendants) have violated Plaintiff's constitutional rights in connection with their supervision of Plaintiff.

Plaintiff's allegations are conclusory.  He goes into excruciating detail in explaining all of the ways that Defendants' actions have harmed him, but provides almost no facts indicating the actions of Defendants that have caused the harm or why those actions were wrongful.  For example, with regard to the Parole Office Defendants, the only allegations regarding their conduct—as opposed to the harm their conduct has caused—are as follows:

¶ 283  "they wrongfully incarcerated [Plaintiff] in 2015 for tether violations for curfew"

¶ 284  "[they] wrongfully incarcerat[ed] Plaintiff in 2017 on a bogus violation over a mental health break"

¶ 285  "they incarcerated him over a bogus violation"

¶ 289  "[they] violat[ed] Plaintiff's personal privacy the disclosure of confidential and private information relating to Plaintiff's person"

¶ 291  "[they] are guilty of libel"

¶ 292  "[they] are guilty of libel per se"

¶ 295  "[they] are guilty of not providing adequate referrals to mental health treatment"

¶ 296  "[they] are guilty of interfering with doctors' orders and assigned treatment for plaintiff by denying him the right to have his chronic back/core treated with pain medications/muscle relaxers"

¶ 297  "[they] refus[ed] the multiple requests by plaintiff and plaintiff's mother to provide plaintiff with his necessary paperwork, grievance forms, and the violation paperwork that has plaintiff confined"

¶ 300  "Derick Bradford is guilty of filing false violations on plaintiff for having contact with plaintiff's children"

¶ 301  "Travis Rosema is guilty of double violating Plaintiff for the same violations that Derick Bradford did causing double jeopardy"

¶ 302  "Janelle Freeman is guilty of . . . discrimination against plaintiff, causing child protective proceedings, stereotyping plaintiff, biased and prejudiced feelings towards plaintiff, trespassing on plaintiff by just entering plaintiff's apartment without permission or invitation, [and] denying plaintiff . . . to get his attorney's number from plaintiff's phone"

3

¶ 303   "Mitchell Arends is guilty of filing false violations on plaintiff, entrapping plaintiff in violations, . . . biased and prejudiced feelings and actions towards plaintiff, abuse of his authority, totally ignoring the fact [that plaintiff] withdrew his consent to randomly search [plaintiff] and his property . . . [and] refus[ing] to provide the requested items"

¶ 304   "Todd Bailey is guilty of denying plaintiff grievance forms, parole violation charges papers, and parole stipulations bearing plaintiff's signature"

(Compl., ECF No. 1, PageID.59.66.)

The events described in Plaintiff's allegations against the Criminal Case Defendants do not appear to bear any relation to the events described in his allegations against the Parole Office Defendants. But, Plaintiff follows the same pattern. He describes in detail the harms he has suffered, but offers less detail—principally conclusions—in describing the conduct that caused the harm or how that conduct was wrongful. The primary target of Plaintiff's allegations is Detective McKinnon. For example, he alleges that she:

¶ 36   "used abusive tactics, immoral questioning methods, police brutality, torture, etc"

¶ 39   "[is] keeping the [criminal] case going knowing the alleged victim says plaintiff did nothing to her, and [is] abusing her authority by badgering plaintiff and making false statements about having evidence she really don't have trying to persuade people to alter their belief and findings in the case"

¶ 40   "[is] violating the ethical standards of her profession by using personal motives, biased feelings, and prejudice to dictate her investigation and testimony"

¶ 41   "[is making] false statements and accusations to the Kent County Prosecutor[']s Office saying there's evidence proving plaintiff did a crime when she knew plaintiff did nothing but she makes claims of false and unreliable evidence"

¶ 42   "[is] using unlawful, dishonest, and improper behavior and protocol to turn the case in her favor"

¶ 43   "[is] violating plaintiff's rights by violating his 5th and 14th amendment rights (Miranda) and using intimidation and torture to do so, and compel and coerce false statements from plaintiff"

(Compl., ECF No. 1, PageID.16-18.)  Plaintiff describes in some detail Detective McKinnon's violation of Plaintiff's rights in connection with her interview of him.  (*Id*., PageID.18-19.)  He also accuses McKinnon of improper behavior in connection with her interview of an alleged victim.  He claims that McKinnon violated Plaintiff's 4th Amendment rights by illegally searching Plaintiff's motel room, seizing Plaintiff's mail, searching his phone and seizing materials stored on the phone.  Plaintiff claims that McKinnon slandered and libeled him.  Plaintiff claims that Defendants City of Wyoming, the Wyoming Police Department, and the Wyoming Police Chief are liable for McKinnon's misconduct because they allowed it to happen.

Plaintiff raises similar claims against the other Defendants—each of whom played some role in the investigation of the criminal sexual conduct charges and will likely testify at Plaintiff's trial.  According to Plaintiff, each of them acted inappropriately and violated Plaintiff's constitutional rights as well.

As relief for the misconduct of the Criminal Case Defendants and the Parole Defendants, Plaintiff seeks a declaration that Defendants have violated his constitutional rights and compensatory and punitive damages.

## II.    Misjoinder

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  This does not mean, however, that parties should be given free rein to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report).

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure Civil* § 1655 (3d ed. 2001), *quoted in Proctor*, 661 F. Supp. 2d at 778, and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*,

661 F. Supp. 2d at 778.  When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations."  *Id.* (quoting *Nali v. Michigan Dep't of Corr.*, No. 07-10831 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.  *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).  Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form.  *See* 28 U.S.C. § 1915(b)(1).  These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees."  *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997).  The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied.  28 U.S.C. § 1915(g).  The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation.  *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to

7

> ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should his claims turn out to be frivolous.

The first named Defendant is the Wyoming Police Department. It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not

a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the Wyoming Police Department is an improper defendant. *Id.* Plaintiff has also named the City of Wyoming.

Plaintiff's claims against the City of Wyoming are certainly related to his claims against the Wyoming Police Chief and Detective McKinnon. Moreover, those claims appear to be related to Plaintiff's claims against the Criminal Case Defendants who do not work for the City of Wyoming—Amy Minton, Melissa Nestle, Augustine Baar, and Gabriel Cedillo—in that all of the claims arise of misconduct in the criminal prosecution of Plaintiff and, indeed, Plaintiff alleges that all of these Defendants have conspired to violate his rights. However, there does not appear to be any relationship between Plaintiff's claims against the City of Wyoming and Plaintiff's claims against the Parole Office Defendants.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Gr., L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially

9

adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'"    *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845.  Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice.  *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings his causes of action against the improperly joined defendants under 42 U.S.C. § 1983.  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Some of the conduct Plaintiff alleges may fall outside of the three-year window.  Nonetheless, there are no facts alleged in Plaintiff's complaint to indicate that any particular claim would become untimely solely by virtue of dismissing his misjoined claims.  Moreover, to the extent adequate and more detailed allegations reveal otherwise, the issue might be remedied through application of the equitable tolling doctrine.  Accordingly, the Court concludes that Plaintiff will not suffer gratuitous harm if the improperly joined Defendants are dropped and the claims against them dismissed.  Accordingly, the Court will exercise its discretion under Rule 21

and drop Defendants Kent County Parole Office, its agents and supervisors Derick Bradford, Janelle Freeman, Mitchell Arrends, and Todd Bailey, and  Muskegon County Parole Office agent Travis Rosema from the action, and dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits by Plaintiff.[2]  *See Coughlin*, 130 F.3d at 1350  ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs."); *Carney*, 2008 WL 485204, at *3 (same).  Plaintiff's claims against the Criminal Case Defendants remain.

## III.   *Younger* abstention

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present.  *Younger v. Harris*, 401 U.S. 37, 44-55 (1971).  This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where:  (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances:  (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute

---

[2] Plaintiff is cautioned, again, that he must limit all future actions to claims and Defendants that are transactionally related to one another.

is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the misconduct of the Criminal Case Defendants relates to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the search warrant. He can file a motion to suppress evidence improperly obtained and he can challenge the credibility of the witnesses in the criminal trial. Michigan courts routinely consider such matters. *See People v. Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief.  Plaintiff's allegations might be read to support a claim that Detective McKinnon is acting in bad faith or intends to harass Plaintiff, but Detective McKinnon is not bringing the state proceeding, the Kent County Prosecutor is.  Moreover, the Sixth Circuit has interpreted the "bad faith/harassment" exception very narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."  *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806-08 (3d ed. 1999) ); *see also, e.g., McNatt v. Texas*, 37 F.3d 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to Younger "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").  In this case, the alleged harassment and other "willful, egregious, [and] malicious" conduct does not rise to the level required by the exception because there have not been repeated prosecutions of Lloyd.

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018).  Any claim that Plaintiff's prosecution is motivated by bad faith or harassment falls short for the same reason.

Because none of the exceptions to *Younger* abstention apply, the doctrine supports abstention here.  *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property).  Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review the actions of the Criminal Case Defendants in connection with the investigation of and testimony regarding the charges against Plaintiff.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case

instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary.*'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Plaintiff seeks both declaratory relief and damages; therefore, dismissal is an option. Nonetheless, rather than dismiss the case without prejudice, the Court will stay further proceedings pending final resolution of the criminal prosecution.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against the Parole Office Defendants are misjoined to his claims against the Criminal Case Defendants. Accordingly, the Parole Office Defendants—Kent County Parole Office, Derick Bradford, Janelle Freeman, Mitchell Arrends, Todd Bailey, and Travis Rosema—will be dropped as parties and Plaintiff's claims against them dismissed without prejudice.

Moreover, the Court will exercise its discretion under the *Younger* abstention doctrine to stay further proceedings against the Criminal Case Defendants—City of Wyoming, the Wyoming Police Department, its chief (Unknown Party #1), Margaret McKinnon, Amy Monton, Melissa Nestle, Augustina Baar, and Gabriel Cedillo—until further order of the Court following final resolution of the criminal prosecution.

14

An order consistent with this opinion will be entered.


Dated:   July 2, 2020                                /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge