UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRIAN KEITH SCHWAB,

       Plaintiff,

v.

WYOMING POLICE DEPARTMENT et al.,

       Defendants.
_____/

Case No. 1:20-cv-336

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by an individual who is now a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

At the time Plaintiff filed suit, he was a pretrial detainee in the Kent County Jail. By way of his complaint, Plaintiff sued the City of Wyoming, the Wyoming Police Department, its chief (Unknown Party #1), Detective Margaret McKinnon, Children's Assessment Center Forensic Interviewer Amy Monton, Children's Assessment Center Sexual Assault Nurse Examiner Melissa

Nestle, Child Protective Services worker Augustina Baar, and Michigan State Police Computer Crime Unit officer/employee Gabriel Cedillo (collectively, the Criminal Case Defendants).[1] Plaintiff sued these entities and persons because of their participation in Plaintiff's then-pending criminal prosecution. He raised claims under 42 U.S.C. § 1983 as well as state-law tort claims. (Compl., ECF No. 1, PageID.7.)

The criminal prosecution resulted in Plaintiff's conviction on charges of child sexually abusive activity and second degree criminal sexual conduct. Plaintiff pleaded *nolo contendere* to those charges. He was sentenced to concurrent prison terms of 20 to 50 years for each offense. Plaintiff is presently serving those sentences with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.

Because of the ongoing state criminal proceedings, the Court abstained from addressing Plaintiff's complaint until the state court proceedings were complete under the doctrine of *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). (Order, ECF No. 14, PageID.155.) The state court proceedings are now complete; the Michigan Supreme Court denied Plaintiff's application for leave to appeal by order entered May 2, 2023. *People v. Schwab*, 988 N.W.2d 757 (Mich. 2023).

Under the terms of this Court's order, within 30 days of the Michigan Supreme Court's denial of leave, Plaintiff was required to file a motion to reopen this case—describing the state

---

[1] Plaintiff also sued the Kent County Parole Office, its agents and supervisors Derick Bradford, Janelle Freeman, Mitchell Arrends, and Todd Bailey, and Muskegon County Parole Office agent Travis Rosema (collectively, the Parole Office Defendants). Plaintiff claimed that they too had a role to play in his criminal prosecution by virtue of their supervision of him and their pursuit of parole violations. The Court concluded that those parties were misjoined and dismissed Plaintiff's claims against them without prejudice. (Op. and Order, ECF Nos. 13, 14.) Plaintiff commenced a new action against the Parole Office Defendants, *Schwab v. Unknown Party*, No. 1:20-cv-669 (W.D. Mich.).

court result, including the result of any appeals. Instead, Plaintiff has filed a motion to continue the stay, asking the Court to hold the case in abeyance while Plaintiff pursues collateral attacks of his convictions.

The purpose of the *Younger* abstention doctrine does not support the continuation of the stay. As the Supreme Court explained:

> This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger*, 401 U.S. at 44. The *Younger* doctrine promotes the "notion of 'comity'" by directing the federal court to abstain from hearing the constitutional challenge while the state court criminal proceedings are **pending**. *See, e.g., Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).

For all intents and purposes, Plaintiff's criminal proceedings are no longer pending. They have become final by the conclusion of direct review.[2] Even though the result may be subject to collateral attack, the criminal proceedings are complete. Accordingly, the *Younger* doctrine no longer provides a basis to continue the stay. The stay will be lifted and the Court directs the Clerk of Court to reopen this case.

The same final judgment that effectively lifts the *Younger* bar to this Court's consideration of Plaintiff's claims, lowers a different bar to recovery: the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which held that "in order to recover damages for allegedly

---

[2] Plaintiff still has some time remaining during which he might petition the United States Supreme Court for a writ of certiorari, but he has indicated that he will, instead, seek collateral relief in the state courts. (ECF No. 21, PageID.176.)

unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).

The Supreme Court has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck*. The Sixth Circuit explained the bar that *Heck* places on § 1983 suits brought by prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Plaintiff's action seeks damages that necessarily flow from harm caused by Defendants' purported unconstitutional participation in the pursuit of criminal charges against him. The unlawfulness of those actions would also render Plaintiff's convictions invalid. Under *Heck*, Plaintiff cannot pursue relief in an action under § 1983 until his convictions have been overturned. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012)

(discussing that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

Additionally, Plaintiff seeks to invoke this Court's supplemental jurisdiction over state-law tort claims. *Heck* does not necessarily bar Plaintiff's claims for state-law torts. Nonetheless, the Court declines to exercise jurisdiction over them.

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (recognizing that once a federal court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon*, 465 F.3d at 728 ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

Plaintiff's motion to continue to hold this case in abeyance (ECF No. 21) will be denied. Instead, the Court will lift the stay and reopen the case for review under the PLRA.

Having conducted the review required by the PLRA, the Court determines that Plaintiff's § 1983 claims will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). With regard to Plaintiff's state-law tort claims, the Court declines to exercise supplemental jurisdiction over them. Those claims also will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   June 15, 2023                            /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge